PEOPLE *v.* CZARNECKI.

SAME *v.* NOWACZYK.

1. CRIMINAL LAW—REVIEW ON ONE RECORD OF TWO CONVICTIONS BEFORE DIFFERENT JUDGES NOT APPROVED.

The practice of reviewing on one record convictions of two defendants jointly charged with robbery while armed, but tried before different judges, is not approved, although the stenographer's minutes of one of the trials was lost, since even under such circumstances a record for review could have been made.

[1]Criminal Law, 17 C. J. § 3410 (Anno).

2. ROBBERY—WEIGHT OF TESTIMONY IDENTIFYING DEFENDANT FOR JURY.

> In a prosecution for robbery while armed, where the ·defense was an *alibi*, the weight to be given to the testimony of the victims, who were compelled by the robber to lie on the floor, who had looked him in the face and who positively identified the defendant as the robber, was for the jury.

3. CRIMINAL LAW — NEW TRIAL—AFFIDAVITS — NEWLY-DISCOVERED EVIDENCE—DISCRETION OF COURT.

> Where a motion for a new trial for defendants convicted ·of robbery while armed, on the ground of newly-discovered evidence, was based on an affidavit by a convict under sentence of from 15 to 30 years for a like offense that he had committed the crime with which defendants were charged and that they had nothing to do with it, the trial judge exercised a sound discretion in denying the motion, in view of an officer's testimony, on the hearing of the motion, that he had interviewed affiant and that the latter was unable to locate the entrance to the building where the robbery took place, and that his answers to questions were very evasive.

Error to recorder's court of Detroit; Cotter (Thomas M.) and Van Zile (Donald M.), JJ.    Submitted January 12, 1928.    (Docket Nos. 121, 122.)    Decided February 14, 1928.

John Czarnecki and Frank Nowaczyk were convicted of robbery while armed, and sentenced to imprisonment in the State prison at Jackson.    Affirmed.

*Jankowski & Chamski,* for appellants.

*William W. Potter,* Attorney General, and *Robert M. Toms,* Prosecuting Attorney, for the people.

WIEST, J.    John Czarnecki and Frank Nowaczyk were jointly charged with the crime of robbery while armed, and, upon separate trials before different judges,

---

²Criminal Law, 16 C. J. § 2291; ³Id., 16 C. J. § 2730.

were convicted, and prosecute review by writs of error.

We have the record of the trial of Czarnecki, before Judge Cotter, but no record of the trial of Nowaczyk, before Judge Van Zile. It is stated that the stenographer's record of the Nowaczyk trial is lost, and it is agreed that the disposition of the Czarnecki case shall determine the Nowaczyk case.

Two points are urged, one of which may be applicable to both cases, but the other, relative to proof of identification, manifestly could not apply to both. We do not approve of the practice indulged, for, even though the stenographer's minutes are lost, a record for review could be made. Inasmuch as we are satisfied that the convictions should be affirmed we will state our reasons in the Czarnecki case and let the same apply to the Nowaczyk case.

It is claimed that the identification of Czarnecki by his victims was insufficient to warrant conviction. The robbery was in a place of business about noon on a Saturday and the next day and on Monday following four of the victims, who were made to lie on the floor by one of the robbers, and who had looked him in the face, positively identified Czarnecki as the robber. The defense was *alibi*. At the police station the witnesses mentioned picked out defendant from among several other persons. The weight to be given the testimony of the witnesses, who positively identified defendant as the robber, who compelled them, at the point of an automatic gun, to lie face down on the floor, was for the jury. We have in mind the care to be exercised in considering such testimony, but feel that the argument presented here for rejection of such testimony should have been and undoubtedly was urged to the jury. The proofs on the subject fully supported the verdict of the jury.

After conviction of defendant a convict in the Mar-

quette prison, under sentence of from 15 to 30 years for the crime of robbery armed, made an affidavit that he and two others, whose names he declined to divulge, committed the robbery of which Czarnecki had been convicted, and that defendant had nothing to do with the crime.    Upon such affidavit defendant moved for a new trial on the ground of newly-discovered evidence. Upon filing the affidavit an officer went to the Marquette prison to interview the affiant, and, upon the hearing of the motion, gave testimony in court and disclosed that the affiant was unable to locate the entrance to the building where the robbery took place. The entrance to the building was described at the trial as located at the side and reached by a narrow way. The officer also testified that the convict's answers to questions were very evasive.    The convict, in his affidavit, stated that he was moved by a spirit of fair play.    Assuming that a convict may be so moved, we are not impressed that the affiant was so motivated, and we are no more impressed by the affidavit than was the trial judge.    We think the trial judge exercised sound discretion in declining to be guided by the affidavit.

The convictions in both cases are affirmed.

NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.