PEOPLE v. MOSDEN.

OPINION OF THE COURT.

1. CRIMINAL LAW—EVIDENCE—EXCULPATORY STATEMENTS—ADMISSIBILITY.

Admission of testimony of police officers about exculpatory statements made by defendant shortly after his arrest for armed robbery is not ground for reversal of conviction where trial took place before date of decisions by the Supreme Court of the United States restricting admissibility of inculpatory statements, defendant was represented by counsel at trial, and no objection was made to admission of the testimony (CLS 1961, § 750.529).

2. APPEAL AND ERROR—APPLICATION FOR LEAVE TO APPEAL—ABANDONMENT—BRIEFS.

The Supreme Court concludes that defendant's claim, made on application for leave to appeal and not mentioned in brief on appeal, has been abandoned.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 555 et seq.
[2] 5 Am Jur 2d, Appeal and Error § 698.
[3] 29 Am Jur 2d, Evidence §§ 876, 877.
[4, 5] 5 Am Jur 2d, Appeal and Error § 821.
[6] 39 Am Jur, New Trial § 201 et seq.
[7–9] 39 Am Jur, New Trial § 162 et seq.

3. ROBBERY — SURVEILLANCE NOTES — REFRESHING RECOLLECTION — BRIEFS.

Use of notes made by policemen in course of surveillance of defendant and another, in defendant's trial for armed robbery, in order to refresh recollections of the policemen, without the notes having been introduced into evidence *held,* not to have constituted reversible error, where claim of error, made on application for leave to appeal, was abandoned by failure to mention it in appellant's brief on appeal (CLS 1961, § 750.529).

4. CRIMINAL LAW—FACTUAL QUESTIONS—JURY—NEW TRIAL.

Determination of factual questions is a function of the jury in a criminal case and not of trial court on motion for new trial or of appellate court on appeal.

5. SAME—EVIDENCE—JURY VERDICT.

Supreme Court cannot reverse on appeal from jury conviction if it finds there was testimony, if believed by the jury, that warranted a finding of defendant's guilt beyond a reasonable doubt.

6. SAME—NEWLY DISCOVERED EVIDENCE—MOTION FOR NEW TRIAL.

Denial of defendant's motion for a new trial on charge of armed robbery based on newly discovered evidence consisting of an affidavit of a State prison inmate in which he confessed to commission of a robbery of which defendant had been found guilty, after hearing in which police officers testified to discredit the affidavit on grounds that the story was not complete, that affiant was a person of low moral character who could readily confess to a crime he had not committed, and that he was not worthy of belief, *held,* improper; due process requires that defendant be given a full and fair hearing on the motion for new trial, with defendant permitted to bring in the affiant and others as witnesses to testify (CLS 1961, § 750.529).

DISSENTING OPINION.

T. E. BRENNAN, C. J., and BLACK, J.

7. CRIMINAL LAW—NEW TRIAL—EVIDENCE—AFFIDAVITS—HEARSAY.

*The affidavits filed in support of a motion for a new trial of a criminal case are to be subjected to the closest scrutiny by the court and must set forth facts in order that the court may determine whether the testimony, if introduced at another trial, could have any legal effect on the result of the controversy; an application for new trial should be denied where supporting affidavits show that the new evidence consists of hearsay.*

8. Same—Armed Robbery—New Trial—Affidavit—Hearsay.

> *Affidavit by third person made in support of defendant's delayed motion for new trial on charge of armed robbery which stated that affiant made an extrajudicial admission that he committed crime for which defendant was tried but neither admitted commission of the crime by affiant nor alleged that earlier admission was true would be inadmissible hearsay and could not change result of original trial and thus cannot be made basis of motion for new trial on grounds of newly discovered evidence (CLS 1961, § 750.529).*

9. Same—New Trial—New Evidence—Affidavit—Sufficiency.

> *Hearsay affidavit of another that he previously admitted to police officers the commission of crime for which defendant was tried is not a substantial allegation of newly discovered evidence warranting an evidentiary hearing on motion for new trial.*

Appeal from Court of Appeals, Division 1, Burns P. J., and Fitzgerald and Holbrook, JJ., denying application for delayed appeal from Recorder's Court of Detroit. Submitted June 12, 1968. (Calendar No. 6, Docket No. 51,527–1/2.) Decided February 3, 1969.

Henry Mosden was convicted of robbery armed. Delayed motion for new trial denied. Defendant appealed. Application for delayed appeal denied by Court of Appeals. Defendant appeals. Reversed and remanded for evidentiary hearing on motion for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Henry Mosden, in propria persona.*

Per Curiam.    Defendant Mosden and another were tried together and convicted of armed robbery.[1] This is defendant Mosden's appeal, on leave granted,[2] from Court of Appeals' denial of application for delayed appeal from recorder's court of the city of Detroit denial of his application for leave to file a delayed motion for new trial.

Defendant mentions, sketchily in his brief, that police officers were permitted to testify concerning exculpatory statements made by him shortly after his arrest.    He claims that this testimony should have been excluded because he had not been apprised of his constitutional rights to remain silent, to assistance of counsel, et cetera.    He makes the kind of argument which is based on *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977) and *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR2d 974), having application only to inculpatory statements.    Defendant was represented by counsel at trial, but no objections were made to reception of this testimony.    The trial occurred in January of 1964 before the decision in *Escobedo,* on June 22, 1964, and the *Miranda* decision, on June 13, 1966.    Those decisions were not retroactive.    *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882).    We cannot reverse on this ground.

In connection with consideration of the application for leave to appeal here, attention was directed to a claim that the people were allowed to introduce into evidence written reports of the police officers' surveillance of defendants before and at the time of the robbery, prepared by the officers after the fact from fragmentary notes made during the surveillance but subsequently destroyed.    This bears resemblance to

[1] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).—Reporter.
[2] See 379 Mich 763.—Reporter.

facts in the case of *People* v. *Hobson* (1963), 369
Mich 189. Defendant's brief now before us on this
appeal makes no mention of this point, however, so
we may conclude he has abandoned it. Furthermore,
while in *Hobson* the surveillance reports were in-
troduced into evidence, that does not appear to have
occurred here, but the notes were used only to enable
the police officers, while testifying, to refresh their
recollections. Ground for reversal is not presented
in this connection.

Defendant's brief is chiefly devoted to a discus-
sion of evidentiary matters and conflicts of testi-
mony. Defendant styles his conviction as one based
on circumstantial evidence, and offers, for the benefit
of this Court, a jury argument as to why he ought
not to have been found guilty under the evidence.
Determination of the factual questions was definitely
a function for the jury, not the trial court on motion
for new trial nor this Court on appeal. We find
there was testimony which, if believed by the jury,
as it apparently was, warranted a finding of de-
fendant's guilt beyond a reasonable doubt. We
cannot reverse on this ground.

A more serious question is presented in connection
with denial of defendant's delayed motion for new
trial or application for leave to file a delayed motion
therefor. Whichever it may be termed, it was based
in part on a claim of newly discovered evidence. It
was predicated on an affidavit of a Jackson State
prison inmate, named Blackwell, in which the latter
confessed commission of the robbery in question and
completely absolved defendant from any participa-
tion therein.

On March 2, 1966, a hearing was held before a
recorder's court judge on the motion. Defendant
was represented by court-appointed counsel. That
attorney requested the opportunity of subpoenaing
witnesses for defendant, including Blackwell. The

request was refused and the hearing proceeded as on a motion for new trial. Police officers testified to discredit Blackwell's affidavit on the grounds that Blackwell's story was not complete, that he was a person of low moral character who could readily confess a crime he had not committed and in their opinion he was not worthy of belief. There is no evidence that he knew defendant or that, at the time of making the statement, knew defendant had been convicted of the crime, or that he had any reason to be for defendant. The police officers' testimony did not refute any specific facts or allegations in Blackwell's affidavit.

In *Townsend* v. *Sain* (1963), 372 US 293, 312, 313 (83 S Ct 745, 757, 9 L Ed 2d 770, 785, 786), the United States Supreme Court said:

"Where the facts are in dispute, the Federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a State court, either at the time of the trial or in a collateral proceeding. In other words a Federal evidentiary hearing is required unless the State-court trier of fact has after a full hearing reliably found the relevant facts.
\* \* \*

"We hold that a Federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the State hearing; (2) the State factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the State court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the State-court hearing; or (6) for any reason it appears that the State trier of fact did not afford the habeas applicant a full and fair fact hearing."

Under the above from *Townsend* v. *Sain, supra,* it seems clear that upon denial of further relief in this case in State courts, a Federal court, on application for habeas corpus, would be constrained to do what the trial court in this case did not do, namely, permit a full and fair hearing on Blackwell's confession and absolving of defendant, with defendant permitted to bring in Blackwell as a witness to testify on the subject. For us to require less would hardly square with due process or the holding in *Townsend, supra.*

We are not unaware of the decision of this Court in *People* v. *Czarnecki,* 241 Mich 696, handed down in 1928, long before the 1963 decision of the United States Supreme Court in *Townsend* v. *Sain, supra. Czarnecki* is, at all events, distinguishable from the instant case in that there the defendant did not, as here, seek to have the absolving prison inmate brought into court to testify in his behalf at the hearing, nor did the trial court indicate in any way that such request would have been denied. Thus the question in the instant case as to whether such denial is error was not there involved. Also, testimony of an officer in *Czarnecki* disclosed that the would-be absolver was unable to give vital information which would have been known to him had he actually perpetrated the robbery in question, thus tending to refute the truth of his confession. No such testimony came from officers in this case. Furthermore, this Court in that case stated that it was no more impressed by the convict's affidavit than was the trial judge. There is nothing here upon which such conclusion by this Court could be based if it were a proper function of this Court to do so at all. As of now, we are not overly impressed by what this Court said in this connection in that case.

The case is remanded to the recorder's court, for appointment of counsel if defendant desires, inas-

much as he has been found by that court to be an indigent, and for hearing on defendant's motion for new trial with defendant permitted to subpoena and bring in relevant witnesses, including Blackwell as a witness on defendant's claim of newly discovered evidence, so that there now may be a full and fair evidentiary hearing and determination by the trial court of whether a new trial should be granted.

DETHMERS, KELLY, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. E. BRENNAN, C. J. (*dissenting*). I must disagree with the remand of this case for an evidentiary hearing on defendant's application for leave to file a delayed motion for new trial.

I quote pertinent textbook law. 39 Am Jur, New Trial, §§ 156, 162, 164, pp 163 and 169–171, and authorities cited therein.

"In order to prevent, as far as possible, the fraud and imposition which defeated parties may be tempted to practice as a last resort to escape the consequence of an adverse verdict, an application setting up the discovery of new evidence should always be subjected to the closest scrutiny by the court." (section 156, p 163.)

"Affidavits in support of an application for a new trial on the ground of newly discovered evidence are required to set forth facts in order that the court may determine the question whether the testimony, if introduced at another trial, could have any legal effect on the result of the controversy. * * *

"An affidavit must be filed by the applicant, * * * accompanied by affidavits of the new witnesses, setting forth the newly discovered evidence and the facts to which the witnesses will testify." (section 162, pp 169, 170.)

"The courts will refuse to grant the application where the supporting affidavits show that the new evidence consists of hearsay." (section 164, p 171.)

The only affidavit in support of defendant's motion here is as follows:

" 'I, Charley Page Blackwell, being duly sound of mind do hereby swear on my honor that the following statement is true to the best of my knowledge. On Monday, August 10, 1964, I was taken from Jackson prison to the Detroit Wayne county jail to be interrogated. I was questioned by Detective Shoemaker of the Detroit police hold-up squad, and in the process of being questioned *I admitted certain crimes* that I have never been apprehended for, including an armed robbery of a Detroit, Michigan bar on Michigan avenue near 28th street which goes under the name of Paul's Bar on October 3d, 1963 at approximately 10:30 p.m. Detective Shoemaker did tell me that I would not be prosecuted any further because of this time I am serving a sentence of 4 to 10 years in Jackson prison. I would be willing to testify to this statement in court that being true and correct.' "

The affidavit is hearsay.

It does not contain an admission of the crime. It merely shows that an extrajudicial admission was made by Blackwell on August 10, 1964. The prosecution does not deny that the August 10th admission was made. The prosecution denies that the August 10th admission was true. Blackwell's affidavit does not claim that the August 10th admission was true.

The fact of the August 10th admission would not be admissible at a retrial of Mosden.

It could only be used to impeach Blackwell. As such, it would be without substantive value. *Ruhala v. Roby* (1967), 379 Mich 102. Inadmissible hearsay testimony, which cannot change the result of the

original trial, cannot be made the basis of a motion for new trial upon grounds of newly discovered evidence.

*Townsend* v. *Sain* (1963), 372 US 293 (83 S Ct 745, 9 L Ed 2d 770), is not involved. Blackwell's affidavit does not constitute a "substantial allegation of newly discovered evidence." No evidentiary hearing was necessary.

The trial court should be affirmed.

BLACK, J., concurred with T. E. BRENNAN, C. J.

T. G. KAVANAGH, J., took no part in the decision of this case.