### PEOPLE *v.* ROSBOROUGH

1. APPEAL AND ERROR—TRIAL—IMPROPER ARGUMENT—FAILURE TO OBJECT.

Prosecutor's alleged improper statements during his closing argument will not be considered on appeal where no objection was made to them at trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 553.
[2] 53 Am Jur, Trial § 671.
[3, 4] 5 Am Jur 2d, Appeal and Error § 159.
[5] 38 Am Jur 2d, Gambling § 157.
[6, 7] 29 Am Jur 2d, Evidence § 876.
[8] 38 Am Jur 2d, Gambling § 147.

2. TRIAL—DISCRETION—APPEAL AND ERROR.

Exercise of a trial judge's duty, which is specified by statute and entails a wide range of discretion, will not be interfered with by an appellate court unless there is a clear abuse of discretion (CL 1948, § 768.29).

3. TRIAL—UNEQUAL TREATMENT—FAIR TRIAL.

Abuse of discretion is demonstrated by showing that defendant had an unfair trial, not by showing alleged inequalities in the trial court's treatment of defendant as compared to its treatment of the prosecution.

4. GAMING—CONSPIRACY—EVIDENCE—WITNESSES—ADMISSIBILITY.

Officer's testimony regarding operation of a certain gambling system in a prosecution for conspiracy to violate gambling laws was properly admitted where the court instructed the jury that such testimony was only a general explanation of how that system worked.

5. EVIDENCE—NOTES—DESTRUCTION—SPOILATION—INFERENCE.

Trial court properly denied defendants' request for an instruction that, because of the destruction of daily notes made by police observers from which they made their daily reports, the jury might infer that the notes were unfavorable to the people's case, where the notes were destroyed only after being retained for 30 to 60 days in compliance with routine police department policy, the court instructed the jury that if it found that the notes had been deliberately destroyed, the failure to produce them could be considered in determining the weight and credibility of a police observer's testimony, and where the record did not support a finding of spoilation.

6. WITNESSES—REFRESHING MEMORY—NOTES.

Permitting testifying police officers to refresh their memory by reference to their daily reports prepared from their daily surveillance notes of defendants' gambling operation did not deny defendants due process where the surveillance notes were destroyed after a certain length of time as a matter of routine police policy.

7. SEARCHES AND SEIZURES—WARRANT—PROBABLE CAUSE—AFFIDAVITS—SUFFICIENCY—GAMING.

Gambling paraphernalia seized under a search warrant was properly admitted in evidence where the affidavit for the warrant established probable cause for its issuance.

Appeal from Recorder's Court of Detroit, Joseph A. Sullivan, J. Submitted Division 1 March 4, 1970, at Detroit. (Docket No. 4,902.) Decided March 23, 1970. Rehearing denied June 2, 1970.

Myrene Rosborough and others were convicted of conspiracy to violate gambling laws. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Frank N. MacLean* and *Philip A. Gillis,* for defendants.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

QUINN, J. October 11, 1966, a jury convicted defendants of conspiracy to violate gambling laws.* After sentence, they moved for a new trial which was denied, and they appeal.

Defendants contend they were prejudiced by repeated prejudicial remarks of the prosecuting attorney and police witnesses, persistent attempts by the prosecuting attorney to introduce incompetent evidence and improper closing argument by the prosecuting attorney. As to the latter point, no objection thereto was made at trial and it is not considered on appeal. *People* v. *Hider* (1968), 12 Mich App 526.

---

* CL 1948, §§ 750.301, 750.302 and 750.306 (Stat Ann 1954 Rev §§ 28.533, 28.534 and 28.538).

Our review of the record does not disclose either repeated prejudicial remarks by the prosecuting attorney or his persistent attempts to introduce incompetent evidence. With respect to the latter, the record indicates that the prosecuting attorney's efforts to introduce evidence already excluded by the trial judge could have arisen from the prosecuting attorney's misunderstanding of the exclusionary ruling as well as from a deliberate attempt to introduce incompetent evidence, as defendants allege. In such a situation, the curative instruction given by the trial judge after he denied defendants' motion for mistrial was sufficient to overcome any prejudice to defendants of a reversible nature.

Next, defendants claim they were deprived of a fair trial because the trial judge disallowed questions put by the defense without objection thereto by the prosecuting attorney and the trial judge did not extend similar treatment to the prosecuting attorney. Implicit in this claim is the assertion that the trial judge must treat both sides equally, otherwise the jury may consider him an ally of the people.

The duty of a trial judge at trial is specified in CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052). Exercise of this duty entails wide discretion on the part of the trial judge, and it is only where an abuse of discretion is shown that an appellate court should interfere with the result of an exercise of that duty. *People* v. *Shaw* (1968), 9 Mich App 558. Abuse of discretion is demonstrated not by alleged unequal treatment of defendants as opposed to the prosecution but rather by a showing that defendants had an unfair trial. We did not find such to be the case in *People* v. *Lloyd* (1967), 5 Mich App 717, nor do we find it here.

Defendants state their next issue as: "Were defendants prejudiced by being required to answer charges not made in the information?" We consider this to be a "straw man" created by defendants for the purpose of knocking it down. The basis for the issue and defendants' argument on it is the fact that a police officer was permitted to testify as to how a mutual combine operates. The trial court properly instructed the jury that the testimony was only a general explanation of how the system worked. In addition, the present question was not presented to the court below.

The next issue relates to the daily notes kept by police observers from which they made daily reports. After completing these reports and according to instructions, the observing officers turned the notes over to a superior. Under police department policy, these notes were retained 30 or 60 days and then destroyed. Defendants requested an instruction that because the notes were unavailable, the jury might infer that the notes were unfavorable to the people's theory of the case. This was denied, but the court did instruct that if the jury found that the notes had been deliberately destroyed, the failure to produce them could be considered in determining the weight and credibility of the witness's testimony.

If this record supported a finding of spoliation, defendants' requested instruction should have been given. *Trupiano* v. *Cully* (1957), 349 Mich 568. The record does not support such a finding, and we find no error in the denial of the requested instruction. The notes were destroyed as a matter of routine policy after having been compiled. *U. S.* v. *Coplon* (CA 2 1950), 185 F2d 629.

During the course of their testimony, police officers were permitted to refresh their memory by reference to their reports prepared from the surveil-

lance notes previously referred to. This, say defendants, denied them due process. *People* v. *Gorka* (1969), 381 Mich 515, holds to the contrary.

Finally defendants contest the admission in evidence of certain gambling paraphernalia seized under a search warrant because the affidavit for the warrant failed to establish probable cause for its issuance. Our reading of the affidavit leads us to a different conclusion, namely: probable cause was shown.

Affirmed.

All concurred.