PEOPLE v. DERRY

1. WEAPONS—CONCEALED WEAPONS—DEFENSES—EXEMPTION—QUESTION OF FACT.

Determination whether defendant charged with carrying a concealed weapon in an automobile without a license came within a statutory exception because he was moving to a new residence at the time he was arrested and therefore came within the language exempting moving goods from one place of abode to another, or whether his immediate purpose was other than the movement of goods from one residence to another, as the prosecution contended, was a factual issue properly submitted to the jury.

2. EVIDENCE—CRIMINAL LAW—EXTRAJUDICIAL STATEMENT—ADMISSIBILITY—PRESERVING QUESTION.

Failure to call a witness to substantiate defendant's contention that he had not admitted to a police officer during a court recess of his trial that he was guilty of carrying a concealed weapon without a license will not be considered on appeal where defendant's inculpatory statement was admitted into evidence without objection or motion for a continuance in order that this witness might come forward to testify.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 April 7, 1970, at Lansing. (Docket No. 7,305.) Decided April 30, 1970.

Charles Francis Derry was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Weapons and Firearms § 15.
[2] 5 Am Jur 2d, Appeal and Error § 553 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*John F. Riley,* for defendant.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

PER CURIAM. On June 10, 1968, defendant was arrested and charged with felonious assault[1] and carrying a concealed weapon.[2] Although defendant was acquitted on the assault charge, he was convicted on the charge of carrying a concealed weapon and from this conviction he appeals.

The complainant testified that, subsequent to a violent argument between defendant and himself, the defendant opened the trunk of his car, took out a handgun, and told him to leave. It was then that the complainant walked to a nearby telephone booth and notified the police concerning the gun and the assault. Defendant pursued the complainant to the booth and again pointed the gun at the complainant and requested him to refrain from making the call. At the time the defendant arrived at the telephone booth, complainant had already completed the call. Shortly thereafter, when the police arrived, the defendant was arrested.

Defendant admitted in his testimony that he took the gun out of the car trunk, had it in the car, and took the gun with him to the telephone booth as a defensive measure. He alleges, as a defense, that he was exempt from the statute by virtue of its statutory language, which exempts goods being moved

---

* Circuit Judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).
[2] CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).

from one place to another. PA 1931, No 328, § 231a, as added by PA 1964, No 215 (MCLA § 750.231a, Stat Ann 1968 Cum Supp § 28.428[1]). Defendant introduced evidence which showed his intent of moving to a new residence. The prosecution charges that defendant's immediate purpose was other than the movement of goods from one residence to another. Determination of factual questions in a criminal case is a function of the jury. *People* v. *Mosden* (1969), 381 Mich 506. The court properly charged and submitted this issue to the jury. If there is evidence in the record which, if believed, will support a verdict of guilty beyond a reasonable doubt, the Court of Appeals will not reverse the conviction. *People* v. *Shaw* (1968), 10 Mich App 315.

Defendant's second ground for reversal is based upon an alleged admission of guilt to a police officer during a recess, which was, without objection, later admitted into evidence. Defendant denied ever having made the statement attributed to him, and asserts that the witness should have been called who was present with the defendant at all times during the trial recess, to substantiate defendant's contention. There is no indication in the record that defense counsel ever made any objection or motion for a continuance, in order that this witness might come forward to testify. Generally, objections not raised during trial will not be considered by the Court of Appeals when raised for the first time on appeal. *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Wilson* (1967), 8 Mich App 651; *People* v. *Bradford* (1968), 10 Mich App 696. We find no reversible error here.

Affirmed.