PEOPLE *v.* DOSTER

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—WIT-NESSES—TESTIMONY—GUILT.

   Refusal to allow certain witnesses to testify at a hearing on defendant's motion to vacate his plea of guilty was not error where, even if everything to which defendant's witnesses would testify was true, it would not have absolved defendant.

2. CRIMINAL LAW—PLEA OF GUILTY—COERCED PLEA—SELF-INCRIM-INATION—LENIENCY TO ACCOMPLICES.

   A plea of guilty was not coerced and defendant was not forced to incriminate himself because leniency was granted to his two accomplices where there is no evidence, save a hearsay declaration, that defendant even knew that leniency had been granted to his accomplices until after his plea of guilty was entered.

3. CRIMINAL LAW—SENTENCING—ASSISTANCE OF COUNSEL—WAIVER.

   Defendant's right to have counsel at all critical stages of the criminal procedure was not violated because he did not have the assistance of counsel at sentencing, where he had waived counsel at his arraignment and elected to proceed *in propria persona,* as this waiver was effective for the whole procedure unless defendant indicated a change of mind, which he did not do.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 June 2, 1970, at Grand Rapids. (Docket No. 7,489.) Decided June 30, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 504, 505.
[2]  21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3]  21 Am Jur 2d, Criminal Law §§ 313, 316, 528.

Bennie Doster was convicted, on his plea of guilty, of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

Bennie Doster, *in propria persona.*

Before: T. M. Burns, P. J., and Fitzgerald and Byrns,* JJ.

Per Curiam. Defendant was convicted, upon his plea of guilty, of breaking and entering and sentenced to serve five to ten years imprisonment on March 15, 1968. On May 23, 1969, a motion to withdraw his plea and subpoena certain witnesses was denied. Defendant then filed an application for a delayed appeal *in propria persona* with this Court which was denied on August 4, 1969 on the basis that defendant had failed to present meritorious grounds for review. A petition for a writ of superintending control was then filed in the Michigan Supreme Court which issued an order stating:

"On order of the Court, the petition for writ of superintendent control is considered as an application for leave to appeal. So treated, the application is granted. The matter is remanded to the Court of Appeals with instructions to accept defendant's filing on May 23, 1969, as an appeal as of right and proceed accordingly for the reason that an extension of time had been granted by the trial judge."

Pursuant to this order, the Clerk of the Court of Appeals accepted defendant's papers as a claim of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeal and informed the defendant that he could raise new issues or stand on the issues raised in his original filing. Defendant elected to stand on the original issues. The people then filed a motion to affirm which was denied.

The defendant alleges that the judge below erred because he refused to allow certain witnesses to testify at a hearing on his motion for vacation of his guilty plea. In support of this allegation, defendant cites *People* v. *Mosden* (1969), 381 Mich 506. However, that case is clearly distinguishable from the case at bar. In *Mosden,* the witness whom the defendant wished to have testify would have completely absolved the defendant if the witness's testimony were believed. In the instant case, however, even if everything that the defendant's witnesses would testify to was true, it would not have absolved the defendant. For this reason, defendant's reliance on *People* v. *Mosden, supra,* is misplaced and this issue therefore lacks merit.

Additionally, defendant's allegation that the judge below abused his discretion in not granting the motion to withdraw his plea also lacks merit because the judge fully complied with GCR 1963, 785.3(2), in taking the plea of guilty.

Defendant next contends that because leniency was granted to his two accomplices, who he understood would testify against him, his guilty plea was coerced and he was forced to incriminate himself. A review of the record indicated that there is no evidence, save a hearsay declaration, that the defendant even knew that leniency had been granted to his accomplices until after his guilty plea was rendered and therefore we conclude that this fact could not have affected his plea.

Defendant's fourth allegation is that he was denied assistance of counsel at sentencing which vio-

lated his right to have counsel at all critical stages of the criminal procedure. The defendant, however, waived counsel at his arraignment, electing to proceed *in propria persona,* and this waiver is effective for the whole procedure unless the defendant had later indicated a change of mind, which he did not do.

Finally, the defendant asserts that the judge below did not give him a full and fair hearing on his motion to withdraw his plea. A review of the file below reveals that a hearing was held on November 1, 1968, at which defendant was present, for the purpose of reviewing defendant's motion to withdraw his plea. The record of that hearing convinces us that defendant was afforded all procedures to which he was entitled for determining whether his plea had been properly taken.

Accordingly, the denial of defendant's motion to withdraw his plea and vacate sentence is affirmed.