## PEOPLE v. AKE.

1. HOMICIDE—THREATS—EVIDENCE.

   Evidence of a threat by victim of homicide which he had made toward his wife, the defendant in prosecution for murder in which she interposed defense of self-defense, was relevant because it tended to show the feeling of the deceased toward the defendant.

2. SAME—THREATS—PROSECUTING ATTORNEY.

   The prosecuting attorney who knew of threats victim of homicide had made toward his wife who had had him arrested for assault and battery but failed to bring them to light at her trial for murder thereby deprived her of substantial rights and was remiss in the discharge of his official duties.

3. SAME—THREATS—NEWLY-DISCOVERED EVIDENCE—NEW TRIAL.

   Evidence of threats made by victim of homicide in the presence of 2 deputy sheriffs toward his wife, defendant in prosecution for murder, and which was unknown to the defense at the trial and is now newly-discovered insofar as defendant is concerned, which was not merely cumulative, and which was of such a nature as to render a different result probable and its nondiscovery does not appear to have been due to lack of reasonable diligence *held*, sufficient to entitle defendant to a new trial.

4. SAME—INDORSEMENT OF NAMES ON INFORMATION—RELATIVES—WITNESSES.

   It was not error for prosecutor not to indorse the name of defendant's mother on information for murder or not to call her as a witness, where she did not see the shooting, was present at the trial and testified as a defense witness.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  26 Am Jur, Homicide §§ 363–365.
[2]  42 Am Jur, Prosecuting Attorneys § 20.
[3]  39 Am Jur, New Trial § 166.
[4]  26 Am Jur, Homicide § 565.

(134)

Appeal from Lapeer; Quinn (Timothy C.), J. Submitted October 13, 1960. (Docket No. 59, Calendar No. 48,600.) Decided January 9, 1961.

Elizabeth Ake was convicted of murder in the first degree. Motion for new trial denied. Reversed and new trial granted.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Michael C. Dionise,* Prosecuting Attorney, for the people.

*Herbert W. Devine,* for defendant.

DETHMERS, C. J. Defendant had shot and killed her husband. She was convicted by a jury of murder in the first degree and sentenced to life imprisonment. She appeals from denial of her motion for new trial.

Pertinent facts follow: On the day in question defendant had signed a complaint charging her husband with assault and battery committed against her. At about 6 p. m. a deputy sheriff went to defendant's home, served the warrant, and took the husband to the county jail. The latter was soon arraigned before a justice of the peace, trial was had, and a fine was imposed on the husband which he paid. He was in the jail about 1–1/2 hours. While he was there defendant wife called there by telephone and said that she wanted her husband kept in jail because she was afraid of him. The husband, upon learning that his wife was calling, applied a profane name to her. The sheriff advised him not to go home that evening for fear of further trouble with her. The husband then said he would "knock her damn head off." At that time he was swearing and cursing and in a very ugly mood toward his wife. The sheriff and his deputies knew

that if he went home then he probably would beat his wife again. As he was being released from jail he promised the sheriff and 2 deputies that he would not then go back to the house but would sleep in his car and go to work in the morning. The husband did return to his home, however, and forced an entry by breaking down the door. Defendant and her mother, seeing the approach of his car, went into the attic to avoid him because they were afraid of him. After walking around some minutes in the house he started up the attic stairs. Defendant told him not to come up, that she would stay there all night if necessary but that she would not let him come up.

He, nevertheless, advanced up the stairs and she then shot and killed him.

Claims of newly-discovered evidence relate to the above-mentioned statements and threats made by the husband to the sheriff and 2 deputies and to the appearance and attitude of the husband at that time. One of the 2 deputies was not called by the prosecution as a witness nor was his name indorsed on the information. The other deputy was called as a people's witness, but he was not questioned nor did he testify about the mentioned occurrences at the county jail. Defendant's mother was present in the courtroom, was called as a defendant's witness, but was not made or called as a people's witness.

The defense raised to the charge of murder was self-defense. The defendant urges that the previous threats and conduct of the deceased husband were material to that defense and might properly have been shown in evidence had they been known to her at trial. Evidence of "the threat is relevant because it tends to show the feeling of the deceased toward the defendant." 26 Am Jur, Homicide, § 143. This is supported by *Brownell* v. *People,* 38 Mich 732. Defendant says, however, that she and her counsel knew nothing of those occurrences at time of trial.

The defendant contends that the prosecuting attorney knew or should have known about them and that in failing to bring them to light at trial he deprived defendant of substantial rights and was remiss in the discharge of his official duties, citing *Hurd* v. *People*, 25 Mich 405, *People* v. *Etter*, 81 Mich 570, *Wellar* v. *People*, 30 Mich 16. We think defendant's position well taken.

It appears from the record that the existence of such evidence, known to the 2 deputies, was unknown to the defense at trial and is now newly-discovered insofar as defendant is concerned. It would not have been merely cumulative as there was no other evidence of this character, except that of his earlier assault and battery and consequent arrest, concerning the husband's attitude and threats shortly before the shooting. It does not appear that the defense had any reason to suspect the existence of or was lacking in reasonable diligence in not discovering and producing such evidence at trial. That it is of such nature as to render a different result probable seems self-evident. These are the tests laid down in *Canfield* v. *City of Jackson*, 112 Mich 120, *People* v. *Inman*, 315 Mich 456, *People* v. *Pizzino*, 313 Mich 97, *People* v. *Bauman*, 332 Mich 198, *People* v. *Fedderson*, 327 Mich 213, *People* v. *Paugh*, 324 Mich 108, for determining the right to a new trial on the ground of newly-discovered evidence.

We find no merit in defendant's claim of error in the people's failure to include on the information the name of defendant's mother or to call her as a witness. She did not see the shooting. See *People* v. *Keywell*, 256 Mich 139. She was present at trial and testified as a defense witness. See *People* v. *Resh*, 107 Mich 251. As to a prosecutor not being required to call eyewitnesses to the stand under certain circumstances, such as their relationship to the accused, see *People* v. *Raider*, 256 Mich 131.

We think a new trial should have been granted and it is so ordered.

Carr, Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.