PEOPLE v. DAILEY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUESTIONS NOT RAISED IN TRIAL COURT.

    Court of Appeals will not consider questions on appeal that were not raised in the trial court.

2. NEW TRIAL—DISCRETION OF COURT.

    A motion for a new trial is addressed to the trial court's discretion, and to establish error, a clear abuse of discretion must be shown.

3. CRIMINAL LAW—WITNESSES—RECANTATION—NEW TRIAL.

    Usually the court is not impressed by the recanting affidavits of witnesses who attempt to show that they perjured themselves at the trial of a criminal case.

4. SAME—WITNESSES—RECANTING TESTIMONY—NEW TRIAL—DISCRETION OF COURT.

    Denial of motion for new trial based on recanting affidavit of one witness at trial for robbery armed, an accomplice of ac-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 39 Am Jur, New Trial §§ 13, 131, 201, 202.
[3] 39 Am Jur, New Trial § 169.
[4] 39 Am Jur, New Trial §§ 13, 131, 169, 201, 202.
[5, 8] 56 Am Jur, Venue §§ 56, 72–74.
[6] 56 Am Jur, Venue §§ 66, 70, 71.
[7] 31 Am Jur, Jury § 221.

cused who had been convicted on a plea of guilty to a charge of the same crime, *held*, not an abuse of discretion, where two other confessed accomplices had also testified as to guilt of accused at trial, as had the victim and his wife (CLS 1961, § 750.529).

5. SAME—CHANGE OF VENUE—DISCRETION OF COURT.

Motion for change of venue because of prejudicial publicity in local newspapers is directed to trial court's discretion, and to establish error an abuse of discretion must be shown (CL 1948, § 762.7).

6. VENUE—CHANGE—IMPARTIAL JURY—PROCEDURE.

Approved procedure to be followed on motion for change of venue because of prejudicial publicity in local newspapers is for trial court to reserve decision on motion until an attempt is made to impanel a fair and impartial jury (CL 1948, § 762.7).

7. CRIMINAL LAW—PREJUDICIAL PUBLICITY—NEWSPAPERS.

Juror, although he may have formed an opinion from reading newspaper reports, is competent if he states that he is without prejudice and can try a criminal case impartially according to the evidence. and the court is satisfied that he will do so.

8. SAME—NEWSPAPER REPORTS—JURY—CHANGE OF VENUE.

Denial of motion for change of venue, in trial for robbery armed, based on prejudicial publicity in newspapers read by prospective jurors, *held*, not an abuse of discretion, where 4 of the jurors had heard or read of the incident involved in trial, each denied prejudice from what he had heard or read, denied having formed any opinion from such information, and said that he would sit as a fair and impartial juror and render a true verdict according to the law and the evidence, and trial judge was satisfied that jury was fair and impartial from *voir dire* (CLS 1961, § 750.529; CL 1948, § 768.10).

Appeal from Branch; Andrews (Mark S.), J. Submitted Division 3 December 7, 1966, at Grand Rapids. (Docket No. 753.) Decided February 14, 1967. Leave to appeal granted June 8, 1967. Order granting leave to appeal vacated April 3, 1968, as having been improvidently granted.

Harold J. Dailey was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Lowell M. Kelly,* Prosecuting Attorney, for the people.

*Harold J. Smith,* for defendant.

QUINN, P. J. Defendant was convicted by jury verdict of armed robbery.[1] His motion for new trial was denied and he appeals from the conviction and sentence and the denial of his motion for new trial.

Defendant raises 4 questions for review, but 2 of them, namely:

"Was defendant denied a fair trial because of prejudicial comment and conduct of the trial court?"

"Was the trial court abusive of its discretion in limiting the scope of the *voir dire* examination?"

were not raised in the trial court and they cannot be raised for the first time on appeal. *People v. Will* (1966), 3 Mich App 330. The 2 questions properly before this Court are stated by defendant as follows:

"Was the trial court in error in refusing appellant's motion for a new trial?"

"Was the trial court in error in refusing appellant's motion for change of venue?"

Defendant was one of four participants in the offense. The other three pleaded guilty and were sentenced to prison, but they all testified against defendant at his trial. Later, one of them, Bradford Woodworth, recanted by way of affidavit which was one of the grounds urged for granting a new trial, and one of the grounds argued here in support of the

---

[1] CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

asserted error on the part of the trial court in deny-
ing defendant's motion for new trial.

The motion for new trial was addressed to the
trial court's discretion. *People* v. *Vasquez* (1942),
303 Mich 340. To establish error in denying it, a
clear abuse of discretion must be shown. *People* v.
*Barrows* (1959), 358 Mich 267. On the basis of *Peo-
ple* v. *Smallwood* (1943), 306 Mich 49 (147 ALR
439), defendant contends the recanting affidavit of
Woodworth is basis for reversal. With this we can-
not agree. *Smallwood* involved a charge of rape by
a daughter against her father, and proof of the
charge was based on the testimony of the daughter
alone. When she later recanted, there was adequate
reason for granting a new trial. Here the trial court
was faced with the unchanged testimony of the two
other participants as well as that of the victim and
his wife. We find no abuse of discretion, but we do
find reason to reiterate a rule stated in *Smallwood,
supra,* at page 55:

"As a rule the court is not impressed by the
recanting affidavits of witnesses who attempt to
show that they perjured themselves at the trial."

One of the reasons alleged in the motion for change
of venue was that defendant's right to receive a fair
and impartial trial had been jeopardized by publica-
tion in local newspapers of articles concerning the
offense and the guilty pleas by three of the partici-
pants in which the name of defendant was linked
with the other three. The trial court reserved deci-
sion on the motion until an attempt was made to
obtain a fair and impartial jury. This is the ap-
proved procedure. *People* v. *Swift* (1912), 172 Mich
473. After extensive *voir dire* examination of two
jury panels and some talesmen[2] and on the basis of

_____
[2] PA 1961, No 236, § 1225 (CLS 1961, § 600.1225 [Stat Ann
1962 Rev § 27A.1225]).

answers on the *voir dire* examination, the trial judge obtained what he believed to be a fair and impartial jury. He then denied the motion for change of venue and proceeded to trial.

This motion was also addressed to the trial court's discretion. CL 1948, § 762.7 (Stat Ann 1954 Rev § 28.850). To establish error an abuse of discretion must be shown. *People* v. *Swift, supra*. The rule applicable to allegations such as are here raised by defendant is aptly stated in *Swift, supra,* p 480, in a quotation from 24 Cyc p 298 as follows:

"Newspaper reports are ordinarily regarded as too unreliable to influence a fair-minded man when called upon to pass upon the merits of a case in the light of evidence given under oath; and it is now a well-settled rule that a juror, although he may have formed an opinion from reading such reports, is competent if he states that he is without prejudice and can try the case impartially according to the evidence and the court is satisfied that he will do so."

Our statutes set up a similar test. See CL 1948, § 768.10 (Stat Ann 1954 Rev § 28.1033). A reading of the *voir dire* examination discloses that 4 of the seated jurors had heard or read of the incident involved in the trial previously. However, each denied prejudice from what he had heard or read, denied having formed any opinion from such information and stated affirmatively he would sit as a fair and impartial juror in the trial and render a true verdict according to the law and the evidence the same as though he hadn't heard about the case before. This satisfies the test of *Swift, supra,* and we find no abuse of discretion.

Affirmed.

FITZGERALD and HOLBROOK, JJ., concurred.