PEOPLE v CUMMINGS

1. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A new trial will be warranted on the basis of newly discovered evidence when (1) the evidence was discovered after the trial, (2) the evidence is not cumulative, (3) the defendant could not produce the evidence at trial, and (4) a different result is probable on retrial.

2. CRIMINAL LAW—EVIDENCE—NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence which goes directly to guilt or innocence and corroborates defendant's claim of innocence by independently attacking the credibility of the prosecution's chief witness is not cumulative.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 June 13, 1972, at Grand Rapids. (Docket No. 11889.) Decided July 25, 1972.

Richard Cummings was convicted of breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief Appellate Attorney, for the people.

*McKinley, Jerkins & Reisterer,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, New Trial §§ 164–182.
Facts or evidence forgotten at trial as newly discovered evidence which will warrant grant of new trial in civil case, 50 ALR2d 994.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

FITZGERALD, P. J. The defendant, Richard Cummings, appeals his jury conviction of breaking and entering.[1] Defendant's only claim of error is that the trial court improperly denied his motion for new trial where defendant offered newly discovered evidence which would establish his innocence.

During the course of defendant's trial, John McWilliams, a participant in the crime, testified that the defendant was the originator of the criminal plan and principal perpetrator of the crime. This evidence was rebutted at trial by the testimony of another participant in the crime, Rick Brizendine, who testified that the defendant passed out from intoxication before the crime was ever planned and was thereafter left behind at his residence when the crime was committed. Based on this conflicting evidence of defendant's participation in the crime, the jury found defendant guilty.

On defendant's motion for new trial, the defendant produced an affidavit and deposition of an indorsed *res gestae* witness, James Lewis. This witness stated under oath in the affidavit and deposition that: 1) he, James Lewis, was a participant in the crime; 2) he was never prosecuted for the crime in exchange for agreeing to enlist in the United States Navy; 3) he advised the police that defendant, Richard Cummings, was innocent; 4) the police made it clear to him that he was not supposed to testify in behalf of the defendant, Richard Cummings; 5) defendant was unconscious when the plan for the crime was first discussed, having passed out in an alcoholic stupor; 6) defend-

---

[1] MCLA 750.110; MSA 28.305.

ant was dropped off while still unconscious at his place of residence prior to the actual commission of the crime; 7) defendant was in no way involved in the crime; and 8) he, James Lewis, was not willing to testify at trial on behalf of the defendant, Richard Cummings.

The allegations in the affidavit and deposition are sufficient to warrant a new trial under the "test" provided for newly discovered evidence: 1) evidence discovered after the trial; 2) evidence not cumulative; 3) defendant could not produce evidence at trial; and 4) a different result probable on retrial. *People v Inman,* 315 Mich 456, 478 (1946); *People v Bauman,* 332 Mich 198 (1952); *People v Clark,* 363 Mich 643 (1961); *People v Ake,* 362 Mich 134 (1961); *People v Lewis,* 26 Mich App 290 (1970). First, the contents of defendant's testimony, with its allegation of suppression of evidence by police, was not uncovered until after defendant's conviction, so the evidence was newly discovered evidence. Second, the evidence is not cumulative in view of the fact that the defendant's counsel can now more effectively attack the credibility of the prosecution's chief witness. At the trial, the outcome of the case was entirely dependent upon whom the jury believed: McWilliams [defendant is guilty] or Brizendine [defendant is innocent]. As pointed out in *People v Sam Williams,* 39 Mich App 91, 93 (1972), "[c]redibility is simply too crucial to defendant's case for us to indulge in any inferences".

Inasmuch as this newly discovered evidence goes directly to guilt or innocence and inasmuch as it corroborates defendant's claim of innocence by independently attacking the credibility of the prosecution's chief witness, it is not cumulative evidence. Third, the record discloses that defendant

was unable to locate James Lewis in order to receive the benefit of his testimony at trial so the requirement of reasonable diligence is satisfied. Lastly, a different result is probable on retrial inasmuch as the jury's assessment of the prosecution's chief witness could be seriously damaged by having two other participants in the crime exonerate defendant.

Reversed and remanded for a new trial.

All concurred.