PEOPLE v DUNCAN
PEOPLE v McINTOSH

1. CRIMINAL LAW—EVIDENCE—PRIOR CRIMINAL ACTS—ADMISSIBILITY
   —PROBATIVE VALUE—PREJUDICE—STATUTES.

   Evidence of a defendant's prior criminal acts may be admissible
   where defendant's motive, intent, the absence of mistake or
   accident on his part, or defendant's scheme, plan, or system of
   doing the act is material; however, it is within the discretion of
   the trial court to determine whether the probative value of the
   evidence is outweighed by the risk of prejudice to the defendant
   (MCLA 768.27).

2. BRIBERY—INTENT—EVIDENCE—COURSE OF CONDUCT.

   Intent is an essential element of the crime of bribery and may be
   proved by reference to a definite and continual course of
   conduct.

3. CRIMINAL LAW—CONSPIRACY—BRIBERY—EVIDENCE—PRIOR CRIMI-
   NAL ACTS—ADMISSIBILITY—INSTRUCTIONS TO JURY.

   In a prosecution of two policemen for conspiracy and solicitation
   of a bribe, the trial court did not abuse its discretion by
   admitting evidence that defendants previously obtained pay-
   ments from local narcotics dealers in exchange for information
   on police activities and for protection where the evidence was
   relevant to show a continuing course of conduct on the part of
   defendants and where the trial judge gave very explicit limit-
   ing instructions on the admissibility of the evidence.

4. CRIMINAL LAW—APPEAL AND ERROR—PROSECUTOR'S ARGUMENT—
   PRESERVING QUESTION.

   Claimed error in the prosecutor's closing argument will not be
   considered on appeal if the argument's prejudicial effect could

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 29 Am Jur 2d, Evidence § 320 *et seq.*

[2, 3] 12 Am Jur 2d, Bribery §§ 6, 23, 27.

[3] Admissibility, in prosecution for bribery or accepting bribes, of
    evidence tending to show the commission of other bribery or
    acceptance of bribe. 20 ALR2d 1012.

[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

have been curtailed by a curative instruction and no objection was made, and no miscarriage of justice occurred.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 June 7, 1974, at Detroit. (Docket No. 17197.) Decided September 10, 1974. Leave to appeal granted, 393 Mich —.

Albert Duncan and Leon McIntosh were convicted of conspiracy to do a legal act in an illegal manner and solicitation of a bribe. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Attorney, and *Frederick R. Doetch, Jr.,* Assistant Prosecuting Attorney, for the people.

*Freatman, Barr & Anhut,* for defendant.

Before: Lesinski, C. J., and Bronson and Van Valkenburg,* JJ.

Lesinski, C. J. Defendants Albert Duncan and Leon McIntosh were convicted by a jury of conspiracy to do a legal act in an illegal manner, MCLA 750.157a; MSA 28.354(1), and solicitation of a bribe, MCLA 750.505; MSA 28.773. They appeal as of right.

At the time of their arrest, both defendants were police officers with the city of Inkster. The information alleged defendants offered to return certain property of complainant Irving Broadnax, which was then being held in the property room of the Inkster Police Department pursuant to a bur-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

glary investigation, upon the payment of $800. The main witness for the prosecution was Betty Harris, an admitted heroin addict, convicted felon, and occasional police informant. She testified that the defendants had approached her and had her solicit the payment from Broadnax on their behalf. Following the making of a separate record out of the presence of the jury, the trial court allowed the prosecution to question Mrs. Harris on similar acts and solicitations by defendants. She testified that the defendants had previously used her as a conduit to obtain payments from local narcotics dealers in exchange for information on police activities and for protection. Defendants contend that the trial court committed reversible error in admitting this testimony of other criminal acts into evidence.

The general rule in this State is that in a criminal prosecution no reference may be made to the fact that defendant has committed other similar offenses. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970). However, a statutory exception allowing the proof of similar acts has been provided when defendant's motive, intent, the absence of mistake, or defendant's scheme, plan or system of doing the act is material. MCLA 768.27; MSA 28.1050 states:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

In the case at bar, the trial court after hearing the testimony of similar acts out of the presence of the jury, held that this testimony was material and therefore admissible for these limited statutory purposes. Following the direct and cross-examination of Mrs. Harris, the trial court gave an extensive cautionary instruction as to the limited admissibility of the evidence of similar acts. The court stated in part:

"Now, I think I should just spell out to you in simple words, these similar acts are shown by the prosecutor on the theory that they tend to show or may tend to show on the part of these defendants either intent, scheme, plan, design, motive, that and that alone. You are to pass upon the guilt or innocence of these defendants, however only on the charge set forth in the information, namely the counts which I have indicated to you."

The entire limiting instruction was again repeated by the trial court in its final charge to the jury.

As the Michigan Supreme Court recently stated in *People v Chism*, 390 Mich 104, 119; 211 NW2d 193, 199 (1973):

"The general proposition that the motive or intent of the defendant may be shown by prior acts, even though these acts would constitute commission of another crime is supported by numerous cases."

In *People v Johnston*, 328 Mich 213; 43 NW2d 334 (1950), the Michigan Supreme Court recognized that intent is an essential element of the crime of bribery and that a defendant's intent may be proved by reference to a definite and continual course of conduct.

In *People v Ferguson*, 45 Mich App 697; 206 NW2d 812 (1973), this Court stated that evidence

of prior acts is admissible by statute, MCLA 768.27; MSA 28.1050, to show motive, intent, scheme or plan on the part of defendant. This statute, however, does not provide carte blanche admissibility of evidence of prior acts, even when relevant to a showing of motive, intent, scheme or plan, when the "probative value is outweighed by attendant prejudice to the defendant. The assessment of the relative weight of these two factors is within the discretion of the court." *People v Shaw,* 9 Mich App 558, 566; 157 NW2d 811 (1968).

In *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973), the Michigan Supreme Court again reiterated the rule that it is within the trial court's discretion to determine whether evidence of prior acts should be admitted for this limited statutory purpose or whether its probative value is outweighed by the risk of unfair prejudice, confusion of issues, or where it would have the effect of misleading the jury.

Our extensive examination of the transcript in this case discloses that the alleged narcotic-related activities of defendants became a prominent issue at trial. Mrs. Harris was extensively examined and cross-examined on this matter.[1] The defendants each took the stand to deny such activity and were accordingly cross-examined by the prosecutor on their alleged narcotics involvement.

We recognize that in this day and age any discussion that the police are in league with known narcotics dealers raises a substantial risk of being highly inflammatory and completely obscuring the real issue at trial. This Court, however, also recognizes the relevancy of this evidence which would tend to show a continuing course of

---

[1] Defendants also attempted to impeach Mrs. Harris on the basis of her previous heroin addiction.

conduct on the part of the defendants to use Mrs. Harris to secure alleged payoffs. We then have what we believe is a classic case for the exercise of the trial court's judicial discretion. In this context we believe the trial court successfully walked this statutorily created tightrope by giving two limiting instructions on the admissibility of this evidence and by maintaining firm control over the proceedings. Judge Rashid could not have been more explicit in instructing the jury that the guilt or the innocence of the defendants was to be determined solely on the charge established in the information:

"You are to deliberate with regard to the guilt or innocence upon the charge as established in the information, as claimed in the information, you are not to deliberate upon the guilt or innocence of the defendants in connection with these other offenses which were permitted to be shown you. I say to you that this testimony is offered not as to guilt or innocence, in this case per se and in and of itself, but merely to show the existence of plan, scheme, or design. As far as this case is concerned, you are to consider the charge in the information here alone, but you may consider these other similar acts in determining whether or not there was scheme, plan, intent, motive, you understand. All right. Again not bearing upon guilt or innocence here in this information but for the purposes I have indicated to you."

The totality of the actions of the trial court establish that there was no abuse of discretion in the admissibility of this evidence.

Defendants next contend that certain remarks made by the prosecutor during closing argument were so prejudicial as to deny them their right to a fair trial. We cannot agree. Initially it should be pointed out that defendants totally failed to object to any of the challenged remarks. In the absence

of an objection in the trial court, appellate review is precluded unless this Court's failure to consider the issue would result in a miscarriage of justice. *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974).

While we find the prosecutor's comments concerning the evils of narcotics to be improper, in spite of the fact that he had himself informed the jury of the limited use of this evidence, we do not believe that it was so prejudicial that it could not have been rectified by a curative instruction. This Court has repeatedly stated that a claimed error in closing argument will not be considered on appeal if its prejudicial propensity could have been curtailed by a curative instruction. *People v Sesson,* 45 Mich App 288; 206 NW2d 495 (1973). Moreover, we are of the opinion that the trial court's instruction on the limited use of the evidence of other offenses was itself curative of any misleading propensity in the prosecutor's remarks concerning narcotics. The other challenged remarks of the prosecutor were all proper comments on the evidence presented and the facts that this evidence proved defendants guilty. *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973). We therefore rule that the remarks complained of by defendants did not deprive them of a fair trial.

Affirmed.

All concurred.