PEOPLE v HOWARD

Opinion of the Court

1. New Trial—Criminal Law—Evidence—Newly Discovered Evidence—Affidavits—Codefendants—Incarcerated Codefendant—Knowledge of Events—Skepticism.

An affidavit signed by an incarcerated codefendant in support of a motion for a new trial, wherein the affiant asserts that the defendant is innocent and was not at the scene of the crime but does not admit his own participation nor his presence at the scene and fails to identify those who did participate, while purporting to exculpate the defendant but not setting out the basis for the affiant's knowledge of the events referred to, should be viewed with skepticism where the declarant has already been convicted and has nothing to lose by his statement.

2. New Trial—Newly Discovered Evidence—Discretion—Appeal and Error.

Granting a new trial on the ground of newly discovered evidence is discretionary with the trial court, and to establish error a clear abuse of discretion must be shown.

3. New Trial—Criminal Law—Evidence—Newly Discovered Evidence—Witnesses—Affidavits—Result on Retrial—Judge's Discretion.

A trial court did not abuse its discretion by denying a new trial where a jury convicted a defendant on the basis of the testimony of a witness and the same result would be likely on retrial; newly discovered evidence in the form of a proffered affidavit would not render a different result probable on retrial, assuming the affiant's testimony would be the same, and fails

References for Points in Headnotes

[1, 3, 4] 58 Am Jur 2d, New Trial §§ 204, 207.
[2] 58 Am Jur 2d, New Trial § 165.
[5] 29 Am Jur 2d, Evidence § 321.
[6, 7] 29 Am Jur 2d, Evidence § 541.
[8] 58 Am Jur 2d, New Trial § 179.
[9] 58 Am Jur 2d, New Trial § 173.

to clearly exculpate the defendant, where the affiant's participation in the crime or presence at the scene of the crime is not admitted in the affidavit.

4. Appeal and Error—New Trial—Newly Discovered Evidence—Evidentiary Hearing.

Absent a request, remand for second evidentiary hearing on a motion for a new trial based upon an affidavit purporting to set forth new evidence should not be ordered, especially where the trial court's denial of the motion was not based upon a finding that the affiant lacked credibility and where the information contained in the affidavit, if true, would not have clearly exculpated the defendant.

5. Criminal Law—Evidence—Other Crimes—Res Gestae—Miscarriage of Justice.

Evidence of other crimes committed by a defendant is admissible where it pertains to the res gestae of a charged offense; questions which go beyond the res gestae of the charged offense, absent objection at trial, will result in reversal of a conviction only if it is necessary to prevent a miscarriage of justice.

Dissent by T. M. Burns, J.

6. New Trial—Criminal Law—Newly Discovered Evidence—Affidavits—Exoneration of Defendant—Ambiguities in Affidavit—Full and Fair Hearing—Resolution of Ambiguities.

*A trial court should hold a hearing on a motion for a new trial and allow an affiant to testify where the affidavit of a codefendant submitted as newly discovered evidence, although ambiguous, could be interpreted as a confession which exonerated the defendant; a defendant is entitled to a full and fair hearing where any ambiguity in the affidavit as presented can be resolved by the testimony of the affiant.*

7. New Trial—Criminal Law—Newly Discovered Evidence—Exoneration of Defendant—Codefendant—Self-Incrimination.

*A codefendant's affidavit which admits his participation in a crime and exonerates a defendant entitles the defendant to a new trial, and the codefendant's testimony in the new trial qualifies as newly discovered where it could not have been produced with reasonable diligence in the first trial because he was jointly tried with the defendant, and could not be forced to waive his Fifth Amendment privilege against self-incrimination.*

8. New Trial—Criminal Law—Witnesses—Participation in Crime
—Grant of Immunity—Cumulative Testimony—Result on
Retrial.

Testimony of a codefendant which would contradict the testimony
of a main prosecution witness, who was an admitted partici-
pant in the crime testifying under a grant of immunity, would
not be merely cumulative and could render a different result
probable on a retrial.

9. New Trial—Criminal Law—Evidence—Impeachment Evidence
—Substantive Evidence—Jury Consideration.

Generally, new evidence which merely impeaches testimony
given at trial will not support a motion for a new trial; but,
where the testimony of a codefendant would do more than
impeach the version of events by the main witness for the
prosecution, it is substantial evidence of a defendant's inno-
cence and not merely impeachment evidence, and, as substan-
tive evidence, it should be considered by a jury in determining
what occurred and who was responsible.

Appeal from Shiawassee, Peter J. Marutiak, J.
Submitted June 9, 1977, at Lansing. (Docket No.
31212.) Decided September 21, 1977.

Charles M. Howard was convicted of breaking
and entering an occupied dwelling with intent to
commit a larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Gerald D. Los-
tracco,* Prosecuting Attorney, for the people.

*Kelly & Hall,* for defendant on appeal.

Before: Danhof, C. J., and T. M. Burns and
A. E. Keyes,* JJ.

Danhof, C. J. On July 16, 1976, defendant was
convicted by a jury of breaking and entering an
occupied dwelling with intent to commit a larceny

---

* Circuit judge, sitting on the Court of Appeals by assignment.

therein, in violation of MCLA 750.110; MSA
28.305. Defendant was tried jointly with one co-
defendant who was also convicted. Defendant was
sentenced to a term of 4 to 15 years in prison on
August 30, 1976. Subsequently defendant moved
for a new trial based on newly discovered evi-
dence. This motion was heard on November 1,
1976, and denied in an order dated November 22,
1976. Defendant appeals as of right.

At trial the main prosecution witness was a
third coparticipant in the alleged crime who had
been granted immunity prior to testifying against
the two codefendants. According to this witness
the alleged breaking and entering occurred during
the late night hours of March 30 and/or the early
morning hours of March 31, 1976. Defendant How-
ard testified in his own defense and denied partici-
pation in the crime. The other codefendant did not
testify.

On appeal defendant raises five issues. First,
defendant asserts that the trial court should have
granted him a new trial based on newly discovered
evidence consisting of an affidavit signed by his
codefendant which reads as follows:

Michigan State Prison
Parole Camp
Jackson, Mich.
September 18, 1976

"My name is Kevin Edmund Lott. I swear under the
pains and penalties of perjury that the following is true
to the best of my knowledge. Michael Howard is inno-
cent of any involvement in the events of March 30 and
31, 1976 for which he was convicted. He was not at the
scene of the crime and I did not even see him at any
time on the 30th or 31st of March 1976. As far as I
know Michael Howard knew nothing about the break-in
or the taking of the articles. His name was not even
mentioned by me or by Rae Jean Shack. I have abso-

lutely no knowledge of Michael Howard taking anything from the house that was broken into.

"I have read the above statement and it is true."

(signed) Kevin E. Lott

"Subscribed and sworn to me on this 18th day of September, 1976,"

(Signed) Ferd R. Hall,<br>Notary Public

*People v Clark,* 363 Mich 643, 647; 110 NW2d 638 (1961), sets up a four-part test for granting a new trial based on new evidence:

"Our Court has on numerous occasions held that to entitle one to a new trial on the ground of newly-discovered evidence, it must be shown that the evidence itself, not merely its materiality, was newly-discovered; that it is not cumulative; that it is such as to render a different result probable on a retrial of the cause; and that the party could not with reasonable diligence have discovered and produced it at the trial."

At the hearing on defendant's motion for a new trial the trial court stated:

"THE COURT: Then in essence you are alleging that the only evidence was that of a coconspirator?

"MR. HALL: That is correct.

"THE COURT: The jury apparently believed the coconspirator.

"MR. HALL: That is correct.

"THE COURT: Your motion is therefore denied."

The affidavit offered as new evidence asserts that the defendant is innocent of any involvement and was not at the scene of the crime. The affiant, however, does not admit his own participation in the crime nor his presence at the scene and fails to identify those who did participate. The original

signed statement was apparently handwritten and notarized by the defendant's present appellate counsel. We take this statement at face value. While it purports to exculpate the defendant, it does not set out the basis for affiant's knowledge of the events referred to.

In *People v McAllister,* 16 Mich App 217; 167 NW2d 600 (1969), the affiant stated that he and another identified person had committed the crime and that the defendant in that case had not participated. The opinion does not indicate that the affiant had previously been prosecuted for the crime. Unlike *McAllister,* here the affiant does not admit his participation, does not name all the other participants and does not expose himself to further criminal prosecution by his statement.

In *People v Cummings,* 42 Mich App 108; 201 NW2d 358 (1972), this Court reversed the trial court's denial of a motion for new trial based on new evidence. The new evidence was an affidavit and deposition, stating in part that the declarant had participated in the crime, had not been prosecuted in return for agreeing to enlist in the United States Navy, that he had advised the police prior to defendant's trial that defendant was innocent, and that defendant had not participated in the crime in any way. In *Cummings,* unlike the instant case, the affiant admitted his own participation in the crime, had not himself been prosecuted for the crime, and revealed information which if true showed that the prosecution had improperly suppressed evidence at the original trial.

In *People v Terry Burton,* 74 Mich App 215; 253 NW2d 710 (1977), a new trial was ordered based upon (1) a sworn statement by a convicted coparticipant who had been tried separately, stating that he had participated in the crime and exonerating

the defendant Burton from any part; and (2) the testimony of the defendant's two sisters who admitted their own participation in the crime and who gave sworn testimony that their brother had not participated. These two sisters had not been previously prosecuted and as the *Burton* opinion pointed out, the sisters' testimony subjected them to possible prosecution.

In all three of the above cases the new trial appears to have been ordered based at least in part upon statements which not only clearly exculpated the defendant, but clearly inculpated the declarant who was previously uncharged with a crime. In the instant case, the declarant has already been convicted and has nothing to lose by his statement. We view such affidavits with skepticism. However, the trial court did not find the affiant lacking in credibility. We therefore likewise take the affidavit at its face value, but decline to read anything more into it.

The granting of a new trial on the ground of new evidence is discretionary with the trial court. In *People v Bersine,* 48 Mich App 295, 298; 210 NW2d 501 (1973), this Court stated:

"The granting of a motion for a new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of this discretion must be shown. *People v Dailey,* 6 Mich App 99; 148 NW2d 209 (1967); *People v Keiswetter,* 7 Mich App 334; 151 NW2d 829 (1967); *People v Harris,* 31 Mich App 100; 187 NW2d 502 (1971). The standard to be used in determining whether the trial court abused its discretion was stated by this Court in *People v Harris, supra,* as follows:

" 'Appellate relief from a denial of a motion for a new trial on basis of newly discovered evidence is granted if it is demonstrated that the trial court abused its discretion in such denial. "Abuse" in such a case would be evidenced by a result that is palpably and grossly

violative of fact and logic, such that it evidences "not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias." *People v Wolschon,* 2 Mich App 186, 188; 139 NW2d 123, 124 (1966).' "

As we read the record, the trial court rejected the motion for a new trial because it believed that the jury had convicted the defendant on the basis of Rae Jean Shack's testimony and the same result would be likely on a retrial. We agree that without more, the information in the proffered affidavit does not render a different result probable on a retrial. Assuming that the affiant testified to the same effect at a new trial, that testimony would not clearly exculpate the defendant since there is no admission by the affiant that he participated in the crime and was present at the crime scene. Therefore, we find that the trial court did not abuse its discretion in denying a new trial.

Defendant has not requested that this case be remanded for another evidentiary hearing on his motion for new trial. Since the denial of a new trial was not based upon a finding that the affiant lacked credibility we also see no need for a further evidentiary hearing such as was ordered in *People v Mosden,* 381 Mich 506; 164 NW2d 26 (1969), and *People v Semchena,* 7 Mich App 302; 151 NW2d 895 (1967). In both of those cases, unlike the instant case, the information contained in the affidavit if true would clearly have exculpated the defendant.

Defendant also argues that a new trial should be granted because of the introduction without objection of evidence of other crimes committed by the defendant. Much of this evidence pertained to the res gestae of the charged offense and was therefore properly admissible. *People v Scott,* 61 Mich App

91, 95; 232 NW2d 315 (1975). Some of the questions about marijuana smoking may have gone beyond the res gestae of the charged offense. Absent objection at trial we will reverse only if necessary to prevent a miscarriage of justice. *People v Redfern,* 71 Mich App 452, 454; 248 NW2d 582 (1976). The defendant has failed to show that the unobjected-to questions and answers deprived him of a fair trial. We therefore find no reversible error.

After a review of the briefs of the parties and the record we find that the defendant's other allegations of error do not merit reversal.

Affirmed.

A. E. KEYES, J., concurred.

T. M. BURNS, J. *(dissenting).* I cannot agree with the majority's interpretation of the affidavit filed in support of defendant's motion for new trial. Although it may be ambiguous, one reasonable interpretation of the affidavit is a confession by Lott, a former codefendant, which exonerates defendant. The circuit court could have required Lott to testify to resolve any ambiguity in the affidavit as presented. Anything less deprives defendant of the "full and fair hearing" to which this claim is entitled. *People v Mosden,* 381 Mich 506; 164 NW2d 26 (1969).[1]

If, at the hearing, Lott admits his participation and exonerates defendant, defendant would be entitled to a new trial.[2] Because he was jointly tried with defendant, Lott could not be forced to

---

[1] No witnesses were called during the "hearing" below. The circuit court denied the motion because the jury had believed the other participant's version of the events given during trial.

[2] I agree that defendant's claim must be measured against the standards set forth in *People v Clark,* 363 Mich 643; 110 NW2d 638 (1961).

waive his Fifth Amendment privilege against self-incrimination[3] at trial. This testimony would be newly discovered and could not have been produced with reasonable diligence at trial. *People v Terry Burton,* 74 Mich App 215, 224; 253 NW2d 710 (1977).

Defendant testified that he played no part in the breaking and entering. Several witnesses supported his version of his whereabouts on that night. But defendant produced no testimony showing what occurred during the breaking and entering and who was responsible except through cross-examination of the main prosecution witness, an admitted participant testifying under a grant of immunity. Lott's testimony would contradict this testimony, not be merely cumulative of it.

Lott's testimony would also render a different result probable on a retrial. The people's case was based on the testimony of an admitted participant, given under a grant of immunity and contradicting several statements made earlier by this witness to the police. This Court has not hesitated to grant a motion for new trial under similar circumstances. *People v McAllister,* 16 Mich App 217; 167 NW2d 600 (1969), *People v Cummings,* 42 Mich App 108; 201 NW2d 358 (1972), *People v Terry Burton, supra.*

The people contend that the affidavit did no more than attack the credibility of the admitted participant and will therefore not support the grant of a new trial. As a general rule, new evidence which merely impeaches testimony given at trial will not support a motion for a new trial. *People v Serra,* 301 Mich 124, 133; 3 NW2d 35 (1942). But, Lott's testimony would do more than impeach that version of the events. It cannot be seriously contended that Lott's testimony would

---

[3] US Const, Am V.

not be substantive evidence to be considered by
the jury in determining what occurred and who
was responsible. Just because his testimony con-
tradicts the other participant's trial testimony
does not make it "merely impeachment" evidence.
Even though one effect of Lott's testimony would
be to impeach the people's witness it would still be
substantive evidence of defendant's innocence. See,
McCormick, Evidence (2d ed), § 47, p 99.

I would remand for a full and fair hearing on
defendant's motion for new trial.