## PEOPLE v DUNCAN

## PEOPLE v McINTOSH

Docket No. 78-1815. Submitted November 15, 1979, at Detroit.—Decided April 3, 1980. Leave to appeal applied for.

Albert Duncan and Leon McIntosh were convicted of conspiracy to do a legal act in an illegal manner and of solicitation of a bribe, Wayne Circuit Court, Joseph G. Rashid, J. Their convictions were affirmed by the Court of Appeals, 55 Mich App 403 (1974), and by the Supreme Court, 402 Mich 1 (1977). The defendants filed a delayed motion for a new trial in the circuit court, based on a claim of newly discovered evidence that the chief prosecution witness had been raped by the police chief and had been supplied with drugs while being held in protective custody during the defendants' trial. The motion was denied and the defendants appeal by leave granted. *Held:*

1. The new evidence was not discovered until well after the trial, when the witness brought charges against the police chief. The evidence was not merely cumulative, although it was established at trial that the witness was a heroin addict, had a criminal record and was a police informant. The relative credibility of the defendants and the prosecution witness was a primary issue in the case, and the credibility issue bears directly on the guilt or innocence of the defendants.

2. The impact of the new evidence would probably cause a different result on retrial. The trial judge's denial of the motion for a new trial was an abuse of discretion.

Reversed.

R. B. BURNS, P.J., dissented. He would hold that the newly discovered evidence is not sufficient to warrant a new trial because it does not relate to the guilt or innocence of the defendants, but only to the character and credibility of the chief prosecution witness, whose character and credibility was

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial §§ 164-182.

[2] 58 Am Jur 2d, New Trial §§ 212, 213.

[3] 58 Am Jur 2d, New Trial §§ 145, 173.

put in question at trial. He would affirm and cancel the defendants' bonds.

### OPINION OF THE COURT

1. NEW TRIAL — NEW EVIDENCE — FACTORS CONSIDERED.

   The test for granting a new trial based on new evidence involves a finding that (1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) the evidence is such as to render a different result probable on retrial; and (4) the party offering the evidence could not with reasonable diligence have discovered and produced it at trial.

2. NEW TRIAL — JUDGE'S DISCRETION.

   The granting of a motion for a new trial is within the sound discretion of the trial court, and to establish error a clear abuse of discretion must be shown.

### DISSENT BY R. B. BURNS, P.J.

3. NEW TRIAL — NEW EVIDENCE — WITNESSES — CHARACTER AND CREDIBILITY.

   *A new trial based upon newly discovered evidence is not warranted where the new evidence does not relate to the defendant's guilt or innocence but rather attacks the character and credibility of the prosecution's main witness, whose character and credibility was put in question at trial when it was established that she was a heroin addict, a convicted felon and a police informant.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Freatman, Barr, Anhut & Moir,* for defendants on appeal.

Before: R. B. BURNS, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendants were found guilty by a jury of conspiracy to do a legal act in an illegal

manner, MCL 750.157a; MSA 28.354(1), and solicitation of a bribe, MCL 750.505; MSA 28.773. Their convictions were affirmed by this Court, 55 Mich App 403; 222 NW2d 261 (1974), and by the Supreme Court, 402 Mich 1; 260 NW2d 58 (1977). A delayed motion for a new trial was filed in the trial court based on a claim of newly discovered evidence. The trial court denied defendants' motion for a new trial.

The chief prosecution witness, Bettye Harris, was held in protective custody by the City of Inkster during the defendants' trial. After she was transferred to the custody of the Wayne County Task Force she filed charges against Anderson Young, Chief of Police for the City of Inkster. She testified at a preliminary hearing that Chief Young raped her when she was in protective custody. Harris also made statements that she was forced to have sex with Young because he threatened that he would tell the defendants where she was being held. She testified that Young had also purchased liquor for her, taken her to dinner the night he raped her and purchased a new dress to replace the dress that was torn during the rape. Lastly she testified that she was provided with methadone while she was in custody. This testimony was not known to the defendants until after their trial had ended and their appeal was in progress.

The four-part test for granting a new trial based on new evidence involves a finding that (1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) it is such as to render a different result probable on a retrial of the case; and (4) the party could not with reasonable diligence have discovered and produced it at trial. *People v Clark,* 363

Mich 643, 647; 110 NW2d 638 (1961), *People v Howard,* 78 Mich App 592, 596; 261 NW2d 15 (1977). " 'The granting of a motion for a new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of this discretion must be shown.' " *Howard, supra,* 598.

The first of the above-noted four factors was satisfied because, although defendants knew that Ms. Harris was being held in protective custody, they knew knothing of the circumstances attending her stay in custody until after they had been convicted. Both of the defendants and their attorney attested to this fact by affidavit supporting their application for leave to appeal to this Court. Nor do we find that the new evidence is merely cumulative. Despite evidence introduced at trial which demonstrated that Ms. Harris was a heroin addict, had engaged in prostitution and had been convicted of felonies involving dishonesty and theft, the new evidence alluded to above convinces us that it differs significantly from her demonstrated criminal history. *People v Ake,* 362 Mich 134, 137; 106 NW2d 800 (1961). Moreover, as Justice LEVIN opined, it was the relative credibility of the defendants that constituted the primary issue in the case, a case that "depended almost entirely on the testimony of Harris". *People v Duncan,* 402 Mich 1, 31, 44-45. Thus, it appears that the credibility contest does not bear directly upon the defendants' guilt or innocence. *People v Cummings,* 42 Mich App 108, 110; 201 NW2d 358 (1972).

Based on the preceding analysis, it follows that we believe the impact of the new evidence would probably cause a different result in a new trial. With regard to the final factor, it became apparent during the cross-examination of the police chief

that Ms. Harris was being sequestered in protective custody for fear of reprisal by defendants and certain drug dealers. Responding to questions posed by the prosecutor, the police chief reiterated that the sequestration was necessary due to threats made against Ms. Harris by various drug dealers named by her in similar acts testimony. This response was repeated after defense counsel's objection was overruled. Earlier, further inquiry into the matter of the protective custody had been terminated by objection from the prosecution. Without any knowledge of the circumstances surrounding Ms. Harris's protective custody there was no apparent reason to pursue the matter. It was not until after the preliminary examination concerning the charge against the police chief, some two years after defendants' convictions, that they became aware of the new evidence, as nothing of that matter had been raised at their trial. The exercise of reasonable diligence on the part of the defendants at their trial would not have apprised the defendants of this new evidence.

The motion for a new trial based on new evidence was heard and decided by the trial court five years after defendants had been convicted. The trial judge stated that his denial of the motion was based "purely on (his) recollection (of the trial)". Given our finding that the requisite factors for granting a new trial based upon the new evidence have been satisfied, it is our ruling that an abuse of discretion in not granting a new trial was present.

Reversed.

R. B. BURNS, P.J. *(dissenting)*. Defendants were found guilty by a jury of conspiracy to do a legal act in an illegal manner, MCL 750.157a; MSA 28.354(1), and solicitation of a bribe, MCL 750.505;

MSA 28.773. Their convictions were affirmed by this Court, 55 Mich App 403; 222 NW2d 261 (1974), and by the Supreme Court, 402 Mich 1; 260 NW2d 58 (1977). A delayed motion for a new trial was filed in the trial court based on a claim of newly discovered evidence. The trial court denied defendants' motion for a new trial.

The chief prosecution witness, Bettye Harris, was held in protective custody by the City of Inkster during the defendants' trial. After she was transferred to the custody of the Wayne County Task Force she filed charges against Anderson Young, Chief of Police for the City of Inkster. She testified at a preliminary hearing that Chief Young raped her when she was in protective custody. Harris also made statements that she was forced to have sex with Young because he threatened that he would tell the defendants where she was being held. She testified that Young had also purchased liquor for her, taken her to dinner the night he raped her and purchased a new dress to replace the dress that was torn during the rape. Lastly she testified that she was provided with methadone while she was in custody. This testimony was not known to the defendants until after their trial had ended and their appeal was in progress.

The four-part test for granting a new trial based on new evidence involves a finding that (1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) it is such as to render a different result probable on a retrial of the case; and (4) the party could not with reasonable diligence have discovered and produced it at trial. *People v Clark,* 363 Mich 643, 647; 110 NW2d 638 (1961), *People v Howard,* 78 Mich App 592, 596; 261 NW2d 15

(1977). " 'The granting of a motion for a new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of this discretion must be shown.' " *Howard, supra,* 598.

The newly discovered evidence in the present case does not relate to the defendants' guilt or innocence but rather attacks the character and credibility of the prosecution's main witness. It had been established at the trial that Bettye Harris was a heroin addict, a convicted felon, and a police informant. The new evidence is not sufficient to warrant a new trial and the trial court did not abuse its discretion in denying defendants' motion.

I would affirm defendants' convictions and cancel their bonds.