PEOPLE v NEWHOUSE

Docket No. 52105. Submitted January 7, 1981, at Grand Rapids.—
Decided March 5, 1981. Leave to appeal denied, 411 Mich 978.

Herbert P. Newhouse was convicted by a jury in Kent Circuit
Court in 1975 of obtaining money under false pretenses. Defen-
dant appealed to the Court of Appeals, arguing, among other
issues, the question of whether there was police coercion of a
prosecution witness. The Court of Appeals affirmed by an
unpublished opinion. Docket No. 25152, unpublished per cu-
riam opinion, decided February 24, 1977. Defendant sought
superintending control in the Michigan Supreme Court, which
treated the petition as a delayed application for leave to appeal
and denied the same. 400 Mich 851 (1977). That petition also
raised the question of police coercion of a prosecution witness.
Defendant's motion for reconsideration was also denied. 402
Mich 950j (1978). Defendant sought a bond and/or an eviden-
tiary hearing in the Federal district court in late 1978, which
was denied. In early 1979, defendant renewed his motion in
Federal district court, filing with his motion an affidavit of one
of the prosecution witnesses which claimed that the witness's
trial testimony was not accurate and had been coerced. The
Federal district court denied defendant's motion on the basis of
comity and exhaustion of state remedies, since the affidavit had
not been presented to the Michigan state courts.

Defendant filed a delayed application for new trial in Kent
Circuit Court. Attached to the application were the affidavit of
the prosecution witness and an affidavit of an individual claim-
ing to be in possession of a release which extinguished the debt
which gave rise to the charges against the defendant. This
affiant also asserted that the police had coerced him into not

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial §§ 164-182.
Facts or evidence forgotten at trial as newly discovered evidence
which will warrant grant of new trial in criminal case. 92 ALR2d
992.
[2] 5 Am Jur 2d, Appeal and Error § 851.
58 Am Jur 2d, New Trial § 165.
[3] 58 Am Jur 2d, New Trial §§ 165-169.

testifying at the defendant's trial. Defendant also moved for post-trial discovery. Stuart Hoffius, J., denied both the motion for a new trial and motion for post-trial discovery. Defendant appeals on leave granted. *Held:*

1. The motion for a new trial was addressed to the discretion of the trial court. The trial court did not abuse its discretion in denying the motion for a new trial, since the defendant failed to establish that the evidence contained in the affidavits was, in fact, newly discovered. The record rather establishes either a lack of due diligence on defendant's part in discovering and producing at trial the evidence contained in the affidavits or a refusal by defendant to produce such evidence at trial as a matter of trial strategy.

2. The question of whether the trial court erred in refusing to order post-trial discovery is rendered moot by the fact that the motion for new trial was found to be without merit.

Affirmed.

1. New Trial — Newly Discovered Evidence — Court Rules.

A motion for a new trial based upon newly discovered evidence is to be granted only where the moving party establishes that: (1) the evidence itself, not merely the materiality of the evidence, was newly discovered; (2) the evidence is not cumulative; (3) the evidence is such as to render a different result probable on retrial of the case; and (4) the party could not with reasonable diligence have discovered that evidence at the time of trial (GCR 1963, 527.1[6]).

2. New Trial — Newly Discovered Evidence — Appeal.

A motion for new trial on the basis of newly discovered evidence is addressed to the discretion of the trial court; the exercise of the trial court's discretion relative to such a motion for new trial will not be overturned on appeal absent a clear showing of abuse of discretion.

3. New Trial — Newly Discovered Evidence.

It is not an abuse of discretion for a trial court to deny a motion for new trial based upon a claim of newly discovered evidence where a criminal defendant at the time of trial had knowledge of the underlying circumstances relative to the evidence asserted to be newly discovered and chose, for reasons of trial strategy, not to pursue discovery and presentation of that evidence at trial.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Kooistra, Doornbos & Hoogeboom,* for defendant.

Before: Allen, P.J., and J. H. Gillis and D. F. Walsh, JJ.

Allen, P.J. On May 8, 1975, defendant was convicted by a Kent County Circuit Court jury of obtaining money over $100 under false pretenses in violation of MCL 750.218; MSA 28.415. Defendant was sentenced to serve four to ten years imprisonment. Defendant was denied bond pending appeal. On appeal to this Court, defendant raised several issues including an issue raised at the trial, *i.e.,* police coercion of a prosecution witness. On February 24, 1977, a panel of this Court affirmed defendant's conviction and held that defendant's claim of police coercion was without merit. On March 22, 1977, defendant filed a petition for superintending control with the Michigan Supreme Court. Although defendant's petition was improperly filed, the Supreme Court treated it as a delayed application for leave to appeal and on August 3, 1977, denied defendant's petition, ruling that defendant had failed to persuade the Court that the questions presented should be reviewed. Among the questions raised in defendant's petition was the question of police coercion of a prosecution witness. On May 31, 1978, the Michigan Supreme Court denied defendant's motion for reconsideration. Having been unable to obtain bond pending appeal and/or a favorable disposition on the merits in the state courts, defendant filed a motion for bond and/or an evidentiary hearing in the Federal

district court. This motion was denied on December 22, 1978.

On February 15, 1979, defendant obtained an affidavit signed by the prosecution witness who defendant had claimed was coerced by police to falsely testify. This affidavit indicated that his testimony at trial was not accurate and that he had been coerced into testifying. Defendant then renewed his motion in the Federal district court, adding to his motion a claim for post-trial discovery to obtain the tape of the conversation between the prosecution witness and the police. This tape was listened to at trial by the trial counsel and the trial court. It was upon this tape that defendant based his claim of police coercion. The motion was denied by Federal District Court Judge Noel P. Fox on March 16, 1979, for the reason that defendant's motion based upon the prosecution witness's affidavit had not been presented to the state courts as required as a matter of comity and under the doctrine of exhaustion of state court remedies. Shortly after Judge Fox's order denying the motion, defendant obtained an affidavit signed by Wesley Olsen. Olsen's affidavit indicated that he had in his possession a release signed by the vice-president of sales operations of the complaining corporation for the money debt upon which defendant was prosecuted. Olsen's affidavit further indicated that he was threatened with arrest by the police if he should testify at defendant's trial and that, because of these threats, he did not testify or produce the release.

On April 2, 1979, defendant attached the two affidavits to an application for delayed motion for new trial that he filed in the Kent County Circuit Court. During the pendency of this application for delayed motion for new trial, defendant filed a

motion to compel post-trial discovery of the taped conversation between the police and the prosecution witness, as defendant had previously done in Federal district court. A hearing was held on April 27, 1979, and the motion to compel discovery was denied. A panel of this Court heard defendant's application for immediate consideration but denied relief without prejudice to renew the motion if the trial court did not grant defendant's delayed motion for new trial. On July 24, 1979, the trial court denied defendant's delayed motion for new trial. Defendant appeals the denial and again raises the issue of the trial court's denial of the motion for post-trial discovery.

We first consider whether the trial court erred in denying defendant's delayed motion for a new trial based upon defendant's claimed newly discovered evidence, the two affidavits which were attached to the delayed motion. The test to be applied when ruling upon a motion for new trial based upon newly discovered evidence is well established. The defendant must establish that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) it is such as to render a different result probable on a retrial of the case; and (4) the party could not with reasonable diligence have discovered and produced it at trial. *People v Duncan,* 96 Mich App 614, 616; 293 NW2d 648 (1980), *People v Clark,* 363 Mich 643, 647; 110 NW2d 638 (1961). See generally, GCR 1963, 527.1(6). It is also well established that the grant or denial of a motion for a new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of discretion must be shown. *Duncan, supra, People v Howard,* 78 Mich App 592, 598; 261 NW2d 15 (1977).

Applying the well-established law to the facts before us, we find no such clear abuse of discretion. First, with regard to the affidavit of the prosecution witness and the claim of police coercion, the first criteria of the newly discovered evidence test is not met. The evidence is not newly discovered. Defendant has already raised the claim of police coercion on numerous occasions: at trial, on appeal to this Court, on appeal to the Supreme Court, and in a motion to the Federal district court. Defendant's attempt to claim the affidavit is newly discovered evidence warranting a new trial is unpersuasive. Defendant listened at trial to the tape of the conversation between the police and the witness upon which the allegation of coercion was based.[1] Defendant also cross-examined the witness. Even if the witness's testimony contained in the affidavit is newly discovered, defendant with reasonable diligence could have discovered that testimony relative to the alleged coercion and produced it at trial.[2] Thus, the fourth criterion is not met, and the trial court properly denied the delayed motion for new trial based upon the prosecution witness's affidavit.

Second, with regard to the Olsen affidavit and the alleged release, defendant has not persuaded this Court that the trial court clearly abused its sound discretion in this matter. Defendant admits knowledge prior to trial of the release, the person who had possession of the release, the persons who signed the release, the contents of the release, and the date and place the release was signed. Defendant claims that his trial strategy prevented his

[1] It should be noted that defendant urged the suppression of this tape at trial.

[2] The prosecution witness was examined at the hearing on the delayed motion for new trial and contradicted his prior affidavit, testifying under oath that his trial testimony was not inaccurate.

disclosing the facts concerning the release at trial. However, the trial strategy of withholding facts does not establish that the trial court clearly abused its discretion in denying defendant's delayed motion for new trial. The release, upon which defendant could have based a defense at trial, cannot be considered to be newly discovered since defendant admittedly knew of its existence prior to trial. Olsen's testimony that would have supported the defense based upon the release cannot be considered newly discovered since defendant admittedly knew of Olsen's knowledge of the release prior to trial. The only testimony which defendant claims to have been unaware of is the testimony of Olsen of the alleged police coercion. Defendant again claims that trial strategy prevented his subpoenaing Olsen to testify at trial. Again, the trial strategy of not producing Olsen does not establish that the trial court clearly abused its discretion in denying defendant's delayed motion for new trial. Defendant could have, with reasonable diligence, produced Olsen to testify at trial. Defendant chose not to produce Olsen. The trial court properly denied defendant's delayed motion for new trial.

The above finding concerning the propriety of the trial court's denial of defendant's delayed motion for new trial based upon the alleged police coercion of the prosecution witness renders moot defendant's claim of error based on the trial court's denial of the motion to compel discovery of the tape recording that defendant wished to use to support his allegation of police coercion.

Affirmed.