PEOPLE v SOMMA

Docket No. 60483. Submitted November 5, 1982, at Grand Rapids.—
    Decided January 28, 1983.

Steven D. Somma was convicted of the common-law offense of
    obstruction of justice following a jury trial in Isabella Circuit
    Court, David E. Burrows, J. The charge arose out of the
    attempt by defendant to induce the complaining witness in a
    then-pending criminal case to make a false statement to the
    police so that the authorities would dismiss the then-pending
    prosecution. It was brought out that a tape recording of certain
    telephone conversations between the defendant and the person
    the defendant was seeking to induce to make the false state-
    ments had been accidentally erased by that person's wife. After
    the defense had rested its case, defense counsel sought an
    adjournment and to reopen proofs on the basis of a telephone
    conversation defense counsel had just had with the complaining
    witness's estranged wife. The motions were denied. Defendant's
    motion for a new trial was denied. Defendant appeals. *Held:*

1. The common-law crime of obstruction of justice is properly
    charged, rather than the statutory crime of incitement or
    procurement of perjury, where the statement sought to be
    procured is not a statement under oath but rather a statement
    to the police as part of a criminal investigation.

2. The common-law crime of obstructing justice does not
    necessarily include an attempt to prevent a witness from
    testifying at trial. The crime is also made out where there is a

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, Obstructing Justice §§ 2, 10.
[2] 58 Am Jur 2d, Obstructing Justice § 1 *et seq.*
    Criminal liability for obstructing process as affected by invalidity or
    irregularity of the process. 10 ALR3d 1146.
[3] 29 Am Jur 2d, Evidence §§ 460, 461, 472.
[4] 21 Am Jur 2d, Criminal Law § 516.
[5] 75 Am Jur 2d, Trial §§ 153, 158.
[6] 58 Am Jur 2d, New Trial § 164 *et seq.*
    What constitutes "newly discovered evidence," within meaning of
    Rule 33 of Federal Rules of Criminal Procedure relating to
    motions for a new trial. 44 ALR Fed 13.

wilful and corrupt hampering, obstructing, or interfering with a proper and legitimate criminal investigation.

3. Since the loss of the tape-recorded evidence was not the result of bad faith by the police, occurred before any request by the defendant for such evidence, and did not involve a situation where the police were under an obligation to preserve the evidence, reversal is not mandated by reason of the accidental loss of such evidence.

4. The trial court did not abuse its discretion in refusing to grant an adjournment or to reopen proofs on the basis of the telephone conversation with the estranged wife of the complaining witness since there was no showing that, even if defense counsel could secure her presence, the testimony so secured would be relevant or material. For the same reasons, the trial court properly denied defendant's motion for a new trial on the basis of newly discovered evidence, the basis for such motion being the telephone conversation.

Affirmed.

1. OBSTRUCTING JUSTICE — PERJURY.

The common-law crime of obstruction of justice rather than the statutory crime of incitement or procurement of perjury is properly charged where one seeks to incite or procure a false statement to the police and such statement is not under oath, since the statutory crime involves the making of a statement while under oath (MCL 750.425; MSA 28.667).

2. OBSTRUCTING JUSTICE — COMMON-LAW CRIMES — CRIMINAL LAW.

The crime of obstruction of justice encompasses a large number of former common-law crimes, not all of which involved preventing a witness from testifying at trial; obstruction of justice includes any interference with the orderly administration of the law, including the wilful and corrupt hampering, obstructing, or interfering with a proper and legitimate criminal investigation.

3. EVIDENCE — LOSS OF EVIDENCE — CRIMINAL LAW.

Absent intentional suppression or a showing of bad faith, the loss of evidence which occurs before a defense request for it does not require reversal of a criminal conviction.

4. TRIAL — ADJOURNMENT OF TRIAL.

A motion for adjournment of trial is addressed to the sound discretion of the trial court.

5. TRIAL — REOPENING OF PROOFS.

> A motion to reopen proofs after the defense has rested is addressed to the sound discretion of the trial court.

6. NEW TRIAL — NEW EVIDENCE — FACTORS CONSIDERED.

> The test for granting a new trial based on new evidence involves a finding that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) the evidence is such as to render a different result probable on retrial; and (4) the party offering the evidence could not with reasonable diligence have discovered and produced it at trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Metry, Metry & Sanom* (by *Mark S. Metry),* for defendant.

Before: MACKENZIE, P.J., and R. M. MAHER and C. W. SIMON,* JJ.

PER CURIAM. Defendant was charged with obstruction of justice pursuant to MCL 750.505; MSA 28.773, which provides for punishment of offenses indictable at common law. After a jury trial, defendant was found guilty and sentenced to serve 30 days in the county jail and two years on probation. Defendant appeals by right.

## I

The information charging defendant stated:

"One Steven Duane Somma, late of 47128 Forton, Mt. Clemens, Michigan, did, with intent to obstruct the due course of justice, then and there wilfully and unlawfully dissuade, hinder, or bribe a person, to-wit: Gary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Treumer, for the purpose of influencing said Gary Treumer to make false statements to authorities to seek dismissal of a criminal charge to which said Gary Treumer was a complaining witness, to-wit: the charge of assault with a dangerous weapon then pending against one Dennis William Berger, being Case No. S-2936-79, before the 76th District Court for Isabella County, Michigan; contrary to law as punishable by MCL 750.505; MSA 28.773."

Defendant contends that this information was improper in that it charged defendant with obstruction of justice but listed the elements of the separate crime of incitement or procurement of perjury, MCL 750.425; MSA 28.667. Perjury, however, involves a false statement while under oath, MCL 750.423; MSA 28.665. The information does not charge defendant with inciting or procuring a false statement under oath.

Defendant also argues that the information omits an essential element of obstruction of justice, namely that defendant prevented or attempted to prevent a witness from testifying at trial. Defendant points out that the trial court's instructions to the jury also contained no such element. It is true that in *People v Boyd,* 174 Mich 321; 140 NW 475 (1913), and *People v Coleman,* 350 Mich 268; 86 NW2d 281 (1957), the crime of obstruction of justice involved preventing a witness from testifying at trial. However, a large number of offenses at common law have come with the passage of time to be collected under the name of "obstruction of justice". *People v Davis,* 408 Mich 255, 286-292; 290 NW2d 366 (1980) (opinion of LEVIN, J.). An obstruction of justice has been defined as an interference with the orderly administration of the law. *People v Ormsby,* 310 Mich 291, 299; 17 NW2d 187 (1945). See also 58 Am Jur 2d, Obstructing Justice, § 2, p 855, and 67 CJS,

Obstructing Justice or Governmental Administration, §§ 2-3, pp 120-121. It was an offense at common law to wilfully and corruptly hamper, obstruct, and interfere with a proper and legitimate criminal investigation. 67 CJS, Obstructing Justice or Governmental Administration, § 9, p 134. We are persuaded that the elements of the offense stated in the information and the instructions here fall within the definition of obstruction of justice. Moreover, it appears to us that, by bribing the complaining witness to make false statements to the police to obtain dismissal of the charge, defendant was attempting to prevent a trial on that charge and thus attempting to prevent the complaining witness from testifying at such a trial.

II

Evidence produced at a pretrial hearing showed that the police gave the complaining witness a tape recorder to record telephone conversations with defendant. After some conversations were recorded, the tape was listened to by police officers, who then returned the tape to the complaining witness so that subsequent conversations could be recorded on the same tape. Apparently, the tape was then accidentally erased by the complaining witness's wife. There was no evidence that the police acted in bad faith and no evidence that anything material to the case, exculpatory or inculpatory, had been recorded. The conversation in which defendant offered to bribe the complaining witness took place before the tape recorder was obtained. No request by the defense for the tape had been made before erasure.

Defendant argues that the foregoing requires reversal of his conviction and dismissal of the

charge, or at least a new trial at which the jury would be instructed that it could infer that the contents of the tape would be favorable to defendant. Defendant relies on *Brady v Maryland,* 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), in which the Court held that defendant was denied due process where the prosecution withheld specifically requested material evidence irrespective of whether the evidence was withheld in good faith or in bad faith. However, where the withheld evidence was not requested, a denial of due process exists only where the evidence was sufficient to create a reasonable doubt which might not otherwise exist. *United States v Agurs,* 427 US 97; 96 S Ct 2392; 49 L Ed 2d 342 (1976). Nothing suggests that the contents of the tape were material, much less sufficient to create a reasonable doubt.

Even if we were to accept defendant's suggestion and assume that the contents of the tape were material despite the evidence to the contrary, defendant would not be entitled to reversal. Absent intentional suppression or a showing of bad faith, the loss of evidence which occurs before a defense request for it does not require reversal. *People v Amison,* 70 Mich App 70, 77-80; 245 NW2d 405 (1976), *lv den* 402 Mich 815 (1977); *People v Oliver,* 111 Mich App 734, 744-745; 314 NW2d 740 (1981). See also *United States v Augenblick,* 393 US 348, 355-356; 89 S Ct 528; 21 L Ed 2d 537 (1969). This was not a case like *People v Anderson,* 42 Mich App 10; 201 NW2d 299 (1972), in which the Court held that the prosecution had a duty to preserve evidence of photographs shown to the victim for identification purposes; the prosecution here had no duty to have defendant's conversations taped because defendant had access to those conversations as a party to them. *Oliver, supra,* p 746.

## III

On the last day of trial, after the defense had rested, counsel for defendant represented to the court that he had received that morning a telephone call from the complaining witness's estranged wife, who was in the State of Washington at the time. Counsel stated the contents of the telephone call as follows:

"* * * Mrs. Treumer informed me this morning that she and her husband had made an agreement regarding any money received from Mr. Somma, and that that money would be split, split evenly between the parties, I'm sorry. She further indicated to me, your Honor, that this money and the attempt to gain the money from Mr. Somma was pursuant to a prior agreement between the husband and wife, and that they were in need of this money. Apparently, your Honor, Mr. Treumer has had a long history of alcoholism and was hospitalized while he was stationed in Germany for alcoholism and treated for same. He's also had a prior involvement in a bar fight in 1973. And she further indicated to me that there is some concern regarding his filing of certain papers with the federal government for divorce benefits. Apparently there are some quarter payments and child support payments that he is receiving at this time that are against regulations and would further strengthen the motivation of the complaining witness * * *."

Counsel requested an adjournment to produce Mrs. Treumer or, alternatively, evidence corroborating her story. Adjournment of a trial is committed to the sound discretion of the trial court. See, for example, *People v Wadkins,* 101 Mich App 272, 277; 300 NW2d 542 (1980). Similarly, reopening of a case after the defense has rested is committed to the trial court's sound discretion. *People v Van Camp,* 356 Mich 593, 602-603; 97 NW2d 726 (1959).

On this record, we cannot say that the trial court abused its discretion. Mrs. Treumer was in Washington, had previously refused to testify, and did not agree to testify in her telephone conversation with counsel. There was therefore no reason to believe that she could be produced in the foreseeable future. Much of what she told counsel, such as her husband's history of alcoholism, was irrelevant, even to her husband's credibility. Her statement that she and her husband agreed to split the money received from defendant suggests that her husband entertained thoughts of accepting the bribe, but that would hardly provide a defense to a defendant accused of offering a bribe to her husband.

Defendant subsequently made a motion for a new trial, based in part on the telephone conversation with Mrs. Treumer. The trial court denied the motion. In *People v Duncan,* 96 Mich App 614, 616-617; 293 NW2d 648 (1980), the Court explained that granting or denial of a motion for a new trial based on newly discovered evidence was committed to the sound discretion of the trial court and that such a motion would be granted only if defendant met the following four-part test:

"(1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) it is such as to render a different result probable on a retrial of the case; and (4) the party could not with reasonable diligence have discovered and produced it at trial."

The evidence was not such as to render a different result probable on retrial, both for the reasons stated above and because such testimony coming from a wife in the process of divorcing her husband would not be very credible. Moreover, no

reason appears why defendant could not, with reasonable diligence, have discovered such evidence before trial. We cannot say that the denial of the motion for a new trial was an abuse of discretion.

Affirmed.